# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-21148-CV-SCOLA/TORRES

BRYAN BOIGRIS,

      Plaintiff/Counter-Defendant,

v.

EWC P&T, LLC,

      Defendant/Counter-Plaintiff.

_____/

## ORDER ON DEFENDANT/COUNTER-PLAINTIFF'S
## MOTION TO STRIKE AFFIRMATIVE DEFENSES TO COUNTERCLAIM

On September 16, 2019, Defendant/Counter-Plaintiff EWC P&T, LLC ("Defendant" or "EWC") filed a Motion to Strike certain affirmative defenses asserted by Plaintiff/Counter-Defendant BRYAN BOIGRIS ("Plaintiff" or "Boigris") contained within his Amended Answer to the EWC's Counterclaim. [D.E. 24]. The Honorable Judge Robert N. Scola referred that Motion to the undersigned on the same day of its filing. [D.E. 25]. Boigris responded in opposition to the Motion on September 30, 2019, and Defendant's Reply followed on October 7. [D.E. 27, 30]. As such, the Motion is now fully-briefed and ripe for disposition, and following our review of the arguments asserted in the briefing materials and the governing legal authorities, we hereby **ORDER** that EWC's Motion be **GRANTED.**

# I. BACKGROUND

Boigris filed this action to appeal a final order issued by the United States Patent and Trademark Office ("USPTO") denying Plaintiff's application to register three trademarks. [D.E. 1]. According to the Complaint, Plaintiff hoped to sell cosmetic beauty products through third-party websites using three different names for product lines: "Reveal Me," "Smooth Me," and "Renew Me." He sought trademark protection for these three marks with the USPTO. Defendant filed a Consolidated Notice of Opposition to the registration of the marks, arguing that Plaintiff's application with the USPTO failed to establish that he possessed a *bona fide* intent to use each in commerce. The USPTO agreed with Defendant and sustained EWC's opposition to the application, denying Plaintiff's request for trademark protection for the product lines at issue.

Plaintiff filed a Complaint on March 25, 2019, asking that declaratory relief be entered in his favor and that this Court reverse the USPTO's decision. EWC answered the Complaint on July 8, 2019 and asserted a counterclaim against Boigris for alleged violations of the Anti-Cybersquatting Consumer Protection Act and Florida's Deceptive and Unfair Trade Practices Act (Counts III and IV). The counterclaim also seeks declaratory relief affirming the USPTO's decision to deny the application (Counts I and II).

Plaintiff answered EWC's counterclaim on August 1, 2019, and amended his Answer three weeks later. [D.E. 14, 18]. The Amended Answer asserted two affirmative defenses to Defendant's counterclaim, which read as follows:

### I.     First Amended Affirmative Defense

Counter-Plaintiff's claims should be barred by the doctrine of unclean hands.

### II.     Second Amended Affirmative Defense

Counter-Plaintiff is barred from recovery insofar as Counter-Defendant acted at all times in good faith.

[D.E. 18].

Defendant now moves to strike these affirmative defenses, arguing that each is conclusory and lacks factual specificity required by the Federal Rules of Civil Procedure. [D.E. 24]. Plaintiff opposes the Motion, arguing that the Complaint contains sufficient factual allegations to support each of the affirmative defenses asserted. [D.E. 27]. We disagree, and find that the defenses run afoul of the particularity requirements mandated by Rule 8 of the Federal Rules of Civil Procedure. For this reason, the Motion will be granted.

## II.     ANALYSIS

An affirmative defense "admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013). The purpose of an affirmative defense is to give the opposing party notice of an issue to allow it to prepare to litigate the issue raised. *Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013) (citing *Hassan v. United States Postal Service*, 842 F.2d 260, 263 (11th Cir. 1998)). Rule 12 permits a court to strike an insufficient affirmative defense, Fed. R. Civ. P. 12(f), but doing so is considered a drastic remedy that courts

generally disfavor. *Electronic Comm. Tech., LLC v. Clever Athletics Co., LLC*, 221 F. Supp. 3d 1366, 1367 (S.D. Fla. 2016).

There currently exists a split in authority as to whether affirmative defenses should be subject to the plausibility standard set forth and expounded upon by the Supreme Court in *Twombly* and *Iqbal. See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). We are of the view that affirmative defenses must be held to the same pleading scrutiny imposed by Rule 8's "plausibility" standard, and routinely require that a party allege additional facts to support its affirmative defenses. *Cano v. South Florida Donuts, Inc.*, 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010); *see also Amerikooler, LLC v. Americooler, Inc.*, 2018 WL 6523503, at *1 (S.D. Fla. July 5, 2018) ("Indeed, several of our own recent decisions on the issue make clear our view that affirmative defenses must be held to the same pleading scrutiny imposed by Rule 8's plausibility standard."). Thus, affirmative defenses must articulate enough facts to raise a plausible right to relief on the assumption that the facts asserted in the affirmative defense are true, *Twombly*, 550 U.S. at 555-56, and "bare bones conclusory allegations" will be deemed insufficient. *Losada*, 296 F.R.D. at 690.

We will grant the Motion because the two challenged affirmative defenses are "bare-bones," conclusory statements that fail to allege facts supporting each defense. With regard to the first affirmative defense, the doctrine of unclean hands applies when a party seeking equitable relief has committed an unconscionable act immediately related to the equity the party seeks in respect to the litigation. *Regions*

*Bank v. Old Jupiter, LLC*, 2010 WL 5148467, at *5 (citing *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 174 (3d Cir. 2001)). To assert an unclean hands defense, Boigris must demonstrate that EWC's wrongdoing is directly related to the claim against which it is asserted and that Boigris has been personally injured by Defendant's conduct. *Calloway v. Partners Nat. Health Plans*, 986 F.2d 446, 450-51 (11th Cir. 1993).

In this case, Plaintiff's amended answer fails to allege any facts that would support the defense that EWC acted with unclean hands. We are left guessing as to what "unconscionable act" supports the doctrine's applicability here or how Boigris suffered injury as a result. While Rule 8 does not require surgical specificity, a plaintiff must plead sufficient factual conduct "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff fails to do so, and the affirmative defense must therefore be stricken.

The same holds true for the second affirmative defense. Boigris alleges that he acted in good faith at all times during the application process and prior to filing suit; yet we are unable to determine how or why this is the case, because the defense is devoid of any *factual* support for such a claim. If he wishes to assert such a defense, then, he must provide this Court with something more than his amended answer now includes.[1]

---

[1]     Alternatively, if the good faith defense merely seeks to challenge the Plaintiff's lack of intent, such a defense would be tantamount to a denial – not an affirmative defense. *See Losada*, 296 F.R.D. at 691 ("When an affirmative defense is mislabeled

### III.   CONCLUSION

For these reasons, we hereby **ORDER** that Defendant/Counter-Plaintiff's Motion be **GRANTED**, albeit without prejudice. Should he wish to do so, Plaintiff may file a Second Amended Answer that pleads each defense with the factual specificity necessary to comply with this Order. Any amended filing must be made within ten (10) days of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 24th day of October, 2019.

> */s/ Edwin G. Torres*
> EDWIN G. TORRES
> United States Magistrate Judge

---

and is more properly a denial, the Court should not strike the claim but should treat it as a specific denial.").