**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.: 19-CV-21148-SCOLA

BRYAN BOIGRIS,

    Plaintiff/Counter-Defendant,

v.

EWC P&T, LLC, a Florida
limited liability company,

    Defendant/Counter-Plaintiff.
_____/

**COUNTER-DEFENDANT'S SECOND AMENDED AFFIRMATIVE**
**DEFENSES TO COUNTER-PLAINTIFF'S COUNTERCLAIM**

COMES NOW, Plaintiff/Counter-Defendant, BRYAN BOIGRIS (the "Plaintiff" or "Counter-Defendant"), by and through undersigned counsel, and hereby files his Second Amended Affirmative Defenses, in response to the Counterclaim filed by Defendant/Counter-Plaintiff EWC P&T, LLC (the "Defendant" or "Counter-Plaintiff") and hereby states as follows:

**SPECIFIC AFFIRMATIVE DEFENSES**

**I.    FIRST AMENDED AFFIRMATIVE DEFENSE**

Counter-Plaintiff's claims should be barred by the doctrine of unclean hands.

Counter-Plaintiff's Consolidated original Notice of Opposition, in the matter which was the precursor to the present matter, states that the Counter-Defendant (Applicant) has a lack of bona fide intent to the use the marks, alleging, "specifically, the Applicant filed for the Opposer's identical marks, for goods related to those of Opposer, and ***upon information and belief***, with full knowledge of Opposer's prior use, and Opposer's rights in and to the marks, all with the intention to trade off of Opposer's goodwill and/or improperly attempt to reserve a right in the marks. As such, the Applicant has acted in bad faith in applying for the marks and prosecuting the opposed applications." *See* Consol. Notice of Opp. at ¶ 15.

The Counter-Plaintiff's allegations are devoid of any facts to support the notion that Counter-Defendant has a lack of bona fide intent and lacks good faith and Counter-Plaintiff's rely solely on a vague assertion, based "**upon information and belief**".

Among other things, Counter-Plaintiff willful filed to register the Marks and/or file any "intent to use" said Marks prior to the Counter-Defendant's own "intent to use" application. Once Counter-Plaintiff realized that Counter-Defendant's "intent to use" had been filed, and thus had priority over any subsequent filing by Counter-Plaintiff, the Counter-Plaintiff sought to destroy Counter-Defendant's business by filing the aforementioned Notice of Opposition. The Notice of Opposition had no merit because Counter-Defendant's own "intent to use" applications had temporal, and therefore legal, priority. The only way that Counter-Plaintiff could undermine Counter-Defendant's rights under the "intent to use" applications was, therefore, to force Counter-Defendant to expend excessive sums on legal fees and, moreover, to effectively prevent Counter-Defendant from being able to obtain financing and business relationships to bring the intended products to market in a timely fashion.

As to the issue of "cybersquatting," Counter-Plaintiff has further shown evidence of unclean hands. In particular, Counter-Plaintiff has never shown any interest in the Domain Names at issue in the Counterclaim until Counter-Defendant refused to abandon its rights under the "intent to use" applications. Counter-Plaintiff's allegations concerning "cybersquatting" are simply a tool to threaten and harm Counter-Defendant and were only initiated after Counter-Defendant brought the instant litigation. The alleged "cybersquatting" Domains have nothing to do with the Marks at issue in this litigation; the Domains are simply a way for Counter-Plaintiff to wrongfully threaten Counter-Defendant.

Even if Counter-Defendant had registered the Domains in question, which is disputed, Counter-Plaintiff never even asked Counter-Defendant, in writing or otherwise, to transfer said Domains to Counter-Plaintiff. In fact, the Domains in question have been abandoned

for quite some time; and have thus been freely available to anyone, including the Counter-Plaintiff, for a mere $9.99 registration fee. Counter-Plaintiff's unclean hands are evident from the fact that Counter-Plaintiff has never sought to obtain said Domains even once they were freely available to anyone on the internet.

## II.   SECOND AMENDED AFFIRMATIVE DEFENSE

Counter-Plaintiff is barred from recovery insofar as Counter-Defendant acted at all times in good faith.

Counter-Defendant's good faith is reflected in the general allegations within the Complaint, incorporated in their entirety herein, with respect to the fact that Counter-Defendant had a bona fide intent to use the Marks in the cosmetics business. In or about late 2015 and into early 2016, Plaintiff commenced plans to create a line of private label cosmetic products to sell through, *inter alia*, his Shopify platform and via Amazon.

Plaintiff ultimately decided upon various names for his private label cosmetic products that included the following names: "**Reveal Me**"; "**Smooth Me**"; and "**Renew Me**".

Prior to, and soon after, filing the "intent to use" applications for said Marks, Plaintiff had been in contact with his mentors and with product and packaging designers to fulfill his dream of staring a cosmetic line using the Marks set forth in his "intent to use" applications. *See* Complaint ¶ 18.

With respect to the issue of the Domains referenced in the Counterclaim, Counter-Plaintiff's allegations are disputed. However, even if Counter-Plaintiff's allegations regarding the registration of the Domains were true, the registration of said Domains cannot be reasonably classified as "in bad faith," because, *inter alia*, the Domains in question appear to have never been actually used for any website, commercial or otherwise. Moreover, even if Counter-Defendant or his agent had registered said Domains, Counter-Plaintiff never even asked for said Domains to be transferred to Counter-Plaintiff. In fact, the Domains in

question have been abandoned for quite some time; and have thus been freely available to anyone, including the Counter-Plaintiff, for a mere $9.99 registration fee. Moreover, the Domain Names in question are not copies of Counter-Defendant's alleged trademarks, but are actually sufficiently different so as to make it clear that the registration of said Domains, by anyone, would not constitute bad faith.

Dated: November 5, 2019.                    Respectfully submitted,

**HIRZEL, DREYFUSS & DEMPSEY, PLLC**
*Counsel for Plaintiff/Counter-Defendant*
2333 Brickell Ave, Suite A-1
Miami, Florida 33129-2497
Telephone: (305) 615-1617
Facsimile: (305) 615-1585

By: /s/ Patrick Dempsey
    **LEON F. HIRZEL**
    Florida Bar No. 085966
    hirzel@hddlawfirm.com
    **PATRICK G. DEMPSEY**
    Florida Bar No. 27676
    dempsey@hddlawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served via CM/ECF Notification to all parties registered to receive electronic notice on this 5th day of November, 2019.

By: /s/ Patrick Dempsey
    **PATRICK G. DEMPSEY**