United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Bryan Boigris, Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 19-21148-Civ-Scola |
| | ) |
| EWC P&T, LLC, Defendant. | ) |

## **<u>Sanctions Order</u>**

Now before the Court is the Defendant's expedited motion for sanctions, which seeks sanctions due to the Plaintiff's last-minute-cancellation of mediation. For the reasons set forth below, the court **grants** the sanctions motion (**ECF No. 52**).

Previously, the Court required the parties to mediate this case. (Order of Referral to Mediation, ECF No. 30.) Specifically, the Court's Order stated that "the appearance of counsel and each party or representatives of each party . . . is mandatory." (*Id.* ¶ 5.) The Court cautioned the parties that it "may impose sanctions against parties . . . who do not comply with the attendance . . . requirements." (*Id.* ¶ 8.) It further ordered that the mediation conference occur on December 6, 2019 with Harry Schafer, and warned the parties that mediation "may not be rescheduled without leave of the Court." (ECF No. 34.)

The Plaintiff canceled mediation on December 5, 2019—the day before the mediation was to occur—without seeking leave of the Court to do so. (ECF No. 52 at ¶ 1.) The Plaintiff's response explained that he could not afford the $5,250 mediation deposit fee prior to December 6, 2019, but he does not explain why he failed to seek leave of the Court to reschedule the mediation on a different date or with a less expensive mediator. (ECF No. 51.) Moreover, the Plaintiff has known that he would be required to pay this retainer since October 17, 2019, yet never moved for leave of the Court to reschedule. (ECF No. 52 at 3.)

Federal Rule of Civil Procedure 16 prohibits a party or its attorney from violating a pretrial order and states that "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified." Here, no such substantial justification exists. Although the Court is not unsympathetic to the Plaintiff's asserted financial difficulties, they do not relieve him of the obligation to comply with this Court's orders. *See Scream v. Stop N Go of Delray, Inc.*, 2018 WL 3730240, *2 (S.D. Fla.

Feb. 13, 2018) (Snow, J.) ("few compelling reasons to miss a mediation based on expense are imaginable").

The Court **grants** the Defendant's motion for sanctions (**ECF No. 52**) because the Defendant should be compensated for the costs it incurred due to the Plaintiff's failure to attend the mediation as ordered by the Court. The Defendant may file a motion that complies with Local Rule 7.3 by **February 7, 2020** for the fees and costs it incurred as a result of Defendants failure to attend mediation on December 6, 2019.

The Plaintiff has indicated he can pay for and attend mediation on December 9, 2019 or December 10, 2019. It is obviously too late to order mediation by December 9, 2019 but if the Defendant and the mediator are available, and if the Plaintiff pays his fee by 5:00 P.M. today, mediation shall take place on December 10, 2019. Otherwise, the Court requires the parties to file a second proposed order scheduling mediation, setting forth the name of the mediator, and the date, time, and location of the mediation, consistent with the Court's previous order (ECF No. 17) by **December 12, 2019**.

**Done and ordered** at Miami, Florida, on December 9, 2019.

Robert N. Scola, Jr.
United States District Judge