**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.: 19-CV-21148-SCOLA

BRYAN BOIGRIS,

       Plaintiff,

v.

EWC P&T, LLC,

       Defendant.

_____/

EWC P&T, LLC,

       Counter-Plaintiff,

v.

BRYAN BOIGRIS,

       Counter-Defendant.

_____/

**DEFENDANT/COUNTER-PLAINTIFF'S *UNOPPOSED***
**MOTION TO SEAL MOTION FOR SUMMARY JUDGMENT**
**AND STATEMENT OF MATERIAL FACTS IN SUPPORT**

Defendant/Counter-Plaintiff EWC P&T, LLC ("EWC") by and through undersigned counsel, and pursuant to Southern District of Florida Local Rule 5.4, as well as the Stipulated Protective Order entered by this Court [D.E. 46], files the instant *Unopposed* Motion to Seal EWC's Motion for Summary Judgment and Statement of Material Facts (the "Motion to Seal"). In support thereof, EWC states as follows:

1.      Southern District of Florida Local Rule 5.4 provides that a party seeking to file information or documents under seal in a civil case shall set "forth the factual and legal basis for departing from the policy that Court filings are public and that describes the information or documents to be sealed (the 'proposed sealed material') with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material." *See* S.D. Fla.

L.R. 5.4(b)(1). The motion to seal should also "specify the duration of the requested sealing." *Id.*

2.     The Stipulated Protective Order [D.E. 46] entered by this Court expressly contemplates factual and legal bases for departing from the policy that court filings are public. Specifically, Paragraph 12 of the Stipulated Protective Order requires that "[a]ll documents, information, or testimony filed with the Court by either party to this action which have previously been designated by the disclosing party as being CONFIDENTIAL MATERIAL or ATTORNEY'S EYES ONLY MATERIAL, and all items which reveal the content of such documents, information, and testimony, ***shall*** be filed under seal in accordance with Local Rule 5.4…" [D.E. 46 at ¶12] (emphasis added).

3.     In compliance with paragraphs two (2) and five (5) of the Stipulated Protective Order, EWC certifies that it has designated, produced, and otherwise disclosed certain "CONFIDENTIAL MATERIAL" and "ATTORNEY'S EYES ONLY MATERIAL" during the course of discovery.  Additionally, non-parties to this action have also produced certain documents which have been designated as "CONFIDENTIAL."

4.     The proposed sealed material involves information pertaining to:

**(a)** EWC's business strategies, customer relationships (for both product development and advertising campaign purposes), product development of the goods at issue in this proceeding, strategy presentations made to franchisees of EWC, and other marketing strategies relative to EWC's REVEAL ME, SMOOTH ME, and RENEW ME trademarks (and the products sold under those brands), including for use in connection at European Wax Center® retail locations and EWC's website (www.waxcenter.com).  This type of proprietary and sensitive information should be sealed, both under the Stipulated Protective Order, as well as the applicable case law.  *See, e.g., United States ex rel. Westfall v. Axiom Worldwide, Inc.*, 2008 U.S. Dist. LEXIS 104725, at *14 (M.D. Fla. Dec. 19, 2008) (granting motion to seal pertaining to a training manual and customer list).

**(b)** EWC's sales data in relation to the number of products sold in commerce under EWC's REVEAL ME, SMOOTH ME, and RENEW ME trademarks – including sales between EWC and its business relationships with its franchisees – ***before*** Plaintiff/Counter-Defendant Bryan Boigris ("Boigris") filed his intent-to-use trademark applications for the identical trademarks.

**(c)** Documents produced by various non-parties, including main-stream media outlets, who have designated their production as being expressly confidential.  These non-parties produced documents pertaining to their internal and proprietary website analytics, marketing/promotional strategies, and the reach of the marketing relative to EWC's promotional campaign and media blitz for EWC's REVEAL ME, SMOOTH ME, and RENEW ME trademarks.  One example of these non-parties is PR Newswire Association, LLC.

**(d)** Documents produced by GoDaddy.Com, LLC ("GoDaddy"). One of the issues in this case pertains to Boigris' registration of multiple domain names – such as www.EuropaWaxCenter.com and www.EUWaxCenter.com – all of which infringe on EWC's registered European Wax Center® trademark, as well as EWC's www.WaxCenter.com domain.  The documents produced by GoDaddy have been designated as confidential, and contain certain confidential information, including contact and payment details for the domain names at issue.  Accordingly, information in EWC's MSJ pertaining to the GoDaddy records (including the records themselves) should be filed under seal in compliance with the Stipulated Protective Order.

5.    In compliance with the local rules, EWC states that the duration of the proposed sealing will consist of:

**(a)** EWC's Statement of Material Facts, not to exceed ten (10) pages [in compliance with Local Rule 56.1(b)(A)]; and

**(b)** EWC's Motion for Summary Judgment and incorporated memorandum of law, not to exceed thirty-five (35) pages.  In compliance with Local Rule 7.1(a)(3), EWC has met and conferred with counsel for Boigris, who is *unopposed* to EWC having the additional fifteen (15) pages for its forthcoming Motion for

Summary Judgment. *See* [D.E. 56].  EWC recognizes that the Court denied EWC's prior motion for leave to exceed the page limitations, on the grounds that EWC needed to submit the proposed Motion for Summary Judgment "as a PDF attachment to the motion" for leave. [D.E. 57].  However, EWC cannot submit its Motion for Summary Judgment "as a PDF attachment to the motion" for leave until it obtains an order from the Court, granting EWC permission to seal its Motion for Summary Judgment in compliance with, among other things, the Stipulated Protective Order.

6.      Accordingly, EWC respectfully requests that its forthcoming Motion for Summary Judgment and Statement of Material Facts in Support (together with the accompanying exhibits) be filed under seal.  Furthermore, it is respectfully requested that the documents be maintained confidential until the exhaustion of any and all appeals in this matter, at which time the documents should be destroyed.

WHEREFORE, EWC respectfully requests that this Court enter an order: (1) granting the instant Motion; (2) permitting EWC to file under seal its forthcoming Motion for Summary Judgment and Statement of Material Facts in Support (together with the accompanying exhibits); and (3) granting such other and further relief as this Court deems just and proper.

### Certificate of Good Faith Conference

Pursuant to Local Rule 7.1(a)(3), counsel for the movant certifies that he has conferred with opposing counsel regarding the relief requested herein, both via email and in-person.  Boigris' counsel confirmed that there is no opposition to the instant Motion, including the relief requested herein. Opposing counsel nevertheless requested that the undersigned make clear that Boigris does not waive and reserves his rights under the Stipulated Protective Order relative to the mechanisms in place for challenging any documents that have been marked as CONFIDENTIAL MATERIAL or ATTORNEYS EYES ONLY MATERIAL.

Dated: December 20, 2019                    Respectfully submitted,

                                            Jonathan R. Woodard
                                            John Cyril Malloy, III

4

Florida Bar No. 964,220
jcmalloy@malloylaw.com
Oliver Alan Ruiz
Florida Bar No. 524,786
oruiz@malloylaw.com
Jonathan R. Woodard
Florida Bar No. 096,553
jwoodard@malloylaw.com
**MALLOY & MALLOY, P.L.**
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone (305) 858-8000
Facsimile (305) 858-0008
*Attorneys for EWC*