UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-21148-SCOLA

BRYAN BOIGRIS,

    Plaintiff,

v.

EWC P&T, LLC,

    Defendant.
_____/

EWC P&T, LLC,

    EWC,

v.

BRYAN BOIGRIS,

    Plaintiff.
_____/

**DEFENDANT/COUNTER-PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S JURY DEMAND, AND REQUEST FOR STATUS CONFERENCE**

Defendant/Counter-Plaintiff, EWC P&T, LLC, by and through undersigned counsel, hereby files its reply memorandum in support of its motion to strike the jury demand ("Motion to Strike") requested by Plaintiff/Counter-Defendant Bryan Boigris ("Boigris"). In support thereof, EWC states as follows.

## I.   **INTRODUCTION**.

The Motion to Strike [ECF No. 67] presented over fifteen decisions (including from district courts within the Eleventh Circuit) that support EWC's position, namely, that Boigris' two (2) causes of action for declaratory relief are purely equitable in nature. As such, and because Boigris does not have either a federal or a constitutional right to a jury trial in this case, his demand for a jury trial should be stricken.

On January 15, 2020, Boigris filed his ***untimely*** response in opposition to EWC's Motion to Strike (the "Response") [ECF No. 79]. The barely three (3) page Response made no effort to refute any of the arguments advanced by EWC, and failed to distinguish the legal authorities presented in the Motion to Strike. Instead, Boigris claimed that he is entitled to a jury trial merely because such a demand was made in his Complaint. As EWC will address below, that argument ignores long standing precedent, as "[t]he right to trial by jury is determined by the issues, not by the pleadings." *Armco, Inc. v. Armco Burglar Alarm Co.*, 693 F.2d 1155, 1158 (5th Cir. 1982).

In asserting that he is entitled to a jury trial based on his purported damages claim against EWC, Boigris not only advanced several untrue statements (which fly in the face of his sworn testimony in this case), but he also contradicted his representation to United States Magistrate Judge Torres; specifically, during an October 11, 2019 discovery hearing, Boigris admitted that he is not seeking damages based on EWC's purported wrongful conduct because it would "be too speculative for this Court to award damages on that." Consequently, Boigris is not entitled to a jury trial on purported damages that: (1) he is not even seeking based on his representation to the Court; and (2) he admitted on the record are far too speculative for this Court to ever award.

Lastly, the Response asserts that even if Boigris is not entitled to a jury trial on his affirmative declaratory judgment claims, he should still be entitled to a jury trial on Count III of EWC's counterclaim, which alleges a violation under the Anti-Cybersquatting Consumer Protection Act. However, this contention is also legally flawed, as courts have routinely recognized that there is no right to a jury trial on an ACPA claim.

For all of the reasons in EWC's pending Motion to Strike, as well as the arguments and legal authorities addressed in this memorandum, this Court should strike Boigris' request for a trial by jury.

1

## II. MEMORANDUM OF LAW

### A. Boigris is Not Entitled to a Jury Trial Since His Declaratory Judgment Claims are Purely Equitable in Nature, and Because Boigris Has Conceded That His Purported Damages are Far "Too Speculative for this Court to Award."

In his Response, Boigris argued that he is entitled to a jury trial for the simple reason that he demanded a trial by jury in his Complaint. *See* [ECF No. 79, p. 1, ¶2]. However, "the right to trial by jury is determined by the issues, not by the pleadings," and therefore Boigris cannot merely rely on an allegation in his Complaint as a predicate to be entitled to a jury trial. *Partecipazioni Bulgari SpA. v. Meige*, 1988 U.S. Dist. LEXIS 12122, at *7 (S.D. Fla. May 20, 1988). In other words, the critical analysis does not turn on whether Boigris has demanded a jury trial on his declaratory judgment claims, but whether the issues in those claims are legal or equitable in nature. *See Biscayne Cove Condo. Ass'n v. QBE Ins. Corp.*, 2013 U.S. Dist. LEXIS 82667, at *7 (S.D. Fla. June 12, 2013) ("Declaratory relief may be legal or equitable depending on the basic nature of the underlying issues.").

In his Response, Boigris failed to point to any allegations in the Complaint, or any issues that have risen during discovery, that would otherwise support a claim for damages against EWC. Instead, and without citing to any supporting paragraphs in his Complaint, or any discovery responses from EWC, Boigris suddenly revealed his theory for entitlement to damages in this case:

> Plaintiff damages include, but are not limited to, the damages suffered by Plaintiff as a result of Defendant's wrongful efforts to destroy Plaintiff's business plans by mailing Plaintiff a cease and desist letter and thereafter initiating an opposition to Plaintiff's trademarks. The cease and desist letter was designed to prevent Plaintiff from developing its business venture utilizing the trademarks at issue in this litigation; and said cease and desist letter achieved this design quite effectively. Upon receiving the cease and desist letter, Plaintiff was immediately prevented from (i) securing financing; (ii) attracting investors; (iii) making contracts with suppliers, etc. Plaintiff's ability to run his preexisting retail business was also severely harmed by having to dedicate extensive time and resources with respect to the Defendant.

(the "Paragraph 7 Statement"). [ECF No. 79, p. 3, ¶7]. Based on this newly advanced theory of monetary harm, which has never been at issue in his Complaint or during discovery, Boigris concludes his response by claiming that he "has a cause of action for damages for which a jury is merited…" [ECF No. 79, p. 3, ¶7].

As demonstrated below, the Paragraph 7 Statement cannot serve as a basis for damages against EWC, and Boigris is not entitled to a jury trial on his two (2) causes of action for declaratory relief.

2

1. <u>The Complaint Does Not Contain Any Allegations, or Put Forward Any Issues, That Would Otherwise Support the Paragraph 7 Statement Regarding EWC's "Wrongful Efforts to Destroy Plaintiff's Business."</u>

As set forth above, "[t]he right to trial by jury is determined by the issues, not by the pleadings." *Armco, Inc. v. Armco Burglar Alarm Co.*, 693 F.2d 1155, 1158 (5th Cir. 1982). Here, there are no allegations in the Complaint that are even remotely tied or otherwise relevant to the Paragraph 7 Statement. *See generally* [ECF No. 1]. Further, EWC's purported (and Plaintiff's fabricated) "wrongful efforts" are in no way at issue in this dispute[1], **as Boigris failed to serve EWC with a single request for admission, request for production, or interrogatory during discovery in this case**. Put simply, and after failing to allege any basis for monetary harm (or conducting any discovery related to such harm), Boigris cannot conjure up a claim for damages out of thin air, and at the eleventh hour, through an opposition brief. Accordingly, and because Boigris failed to cite any allegations, discovery responses, or evidence in this case that could potentially support a damage claim against EWC, Boigris is not entitled to a jury trial.

2. <u>Boigris' Purported Damage is not an Issue in this Case, as Revealed by His Response to EWC's Interrogatory</u>.

During the discovery period, EWC served Boigris with a set of interrogatories that probed the factual and/or legal basis for certain allegations in his Complaint. One such interrogatory sought to ascertain the basis for Boigris' alleged "damages;" in response, Boigris swore under oath that: (1) he

---

[1] Neither the issuance of a cease-and-desist letter nor the prosecution of an opposition proceeding in any way gives rise to a claim for damages. As noted in EWC's reply memorandum in support of its motion to dismiss for lack of subject matter jurisdiction [ECF No. 92], the issuance of a cease-and-desist letter and the prosecution of an opposition proceeding are irrelevant when determining whether an applicant lacks the bona fide intent to use a mark. Furthermore, those circumstances do not serve as excuses for an applicant's lack of written documentation to corroborate an alleged bona fide intent to use a mark. *See Cervezas Cuauhtemoc Moctezuma SA de CV v. Branden Weaver*, at p. 4, Opposition No. 91209633 (TTAB July 31, 2014) (non-precedential) (granting the opposer's motion for summary judgment as to the applicant's lack of *bona fide* intent, and rejecting the applicant's excuse that he had not engaged in any use in commerce because "he received a cease and desist letter two months after submitting his application for registration which threatened him with legal and monetary damages if he attempted to use the mark"), and *Sazerac Brands, LLC v. Bison Union LLC and Bison Union IP Holdings LLC*, at p. 12, Opposition No. 91241904 (granting summary judgment to opposer based on the applicant's lack of *bona fide* intent, rejecting the applicant's argument that it had "no documents because of the opposition," and stating that the "opposition proceeding, which was filed on June 4, 2018, has no bearing on Applicant's lack of documents or other support demonstrating Applicant's intent to use its mark at the time it filed its application"). Notably, Boigris did not comply with the cease-and-desist letter (which among other things demanded that he withdraw his fraudulent applications) and he proceeded to defend the TTAB proceeding (although his defenses lacked merit).

had not "calculated" his purported damage; (2) he could not point to any contract, statute, or legal authority to support his purported damages (other than a vague reference to "trademark law and general common law"); and (3) he had no documents to support his alleged damages. *See Boigris' Response to Interrogatory No. 4*, attached hereto as **Exhibit 1**. Boigris' response to EWC's discovery request effectively concedes that he has no damages against EWC, and Boigris should therefore not be afforded a jury trial in this case.

> 3. The Paragraph 7 Statement in Boigris' Response Contradicts a Stipulation on the Record Before United States Magistrate Judge Torres, Which Admitted that the Paragraph 7 Statement Damages Were "Too Speculative" and Not Being Sought.

Contrary to the Paragraph 7 Statement in his Response, and during a discovery hearing on October 11, 2019 before United States Magistrate Judge Torres, Boigris' counsel stipulated on the record that Boigris was not seeking damages based on EWC's alleged wrongful conduct. Specifically, and in response to Magistrate Judge Torres' question, Plaintiff's counsel admitted that Boigris' purported "damages" were too speculative:

> Mr. Dempsey: [W]e recognize that we will have a claim for damages for lost profits because of [EWC] destroying [Boigris'] ability to seek investors and all of that, but frankly, **after we reviewed it we knew it was going to be too speculative in terms of measuring those damages, and so we just didn't bother to seek them**. They are real damages, but we just didn't list them as an element, because we knew that a business that's just getting off the ground, just getting started, looking for potential investors, there was serious real damage there, **but we know that it will be too speculative for this Court to award damages on that**…"

**Exhibit 2**, p. 25-26, ln 21-6 (emphasis added). Although Boigris' claim for damages is frivolous and entirely baseless, he has at least acknowledged that such damages are not being sought because they are "too speculative for this Court to award." In light of that acknowledgement, Boigris is not entitled to a jury trial, and certainly not on such an admittedly speculative (and frivolous) damage claim.

As an aside, and even assuming *arguendo* that Boigris had not admitted that his damages claim was speculative (which he did), Boigris would still not be entitled to a jury trial because he failed to produce any documents supporting his damages claim by the Court's October 25th deadline:

> The Court: So today's the 11th [of October, 2019]. So I have the drop dead date will then be October 25th. Anything not produced by that point – and so on the 25th, you need to produce all the documents that you have that I'm compelling, as well as amended responses. So that [EWC's counsel] has a direct representation that, in fact, there were none. If that's the case, then [EWC's counsel] needs that representation to be able to rely on that. So the 25th [of October] will have to be the drop dead deadline, since the discovery period

4

> closes in November. And then – and then you'll just have to be stuck with the result, whatever that is.
>
> Mr. Dempsey: Yes, Your Honor.
>
> \*   \*   \*   \*   \*   \*   \*   \*   \*   \*
>
> The Court: **Anything not produced by the 25th [of October of 2019] cannot be used at trial. Okay? Or for summary judgment.**

**Exhibit 3**, p. 30, ln 7-19; p. 31, ln 2-3 (emphasis added).

It is undisputed that Boigris never produced any documents pertaining to his alleged "damages," and certainly not by the drop-dead date of October 25, 2019, as ordered by Magistrate Judge Torres. Accordingly, Boigris is not entitled to a jury trial in this case regarding any purported damages against EWC.

4. <u>The Paragraph 7 Statement Contradicts Boigris' Stipulation on the Record Before United States Magistrate Judge Torres That Boigris is Only Seeking the Costs of Litigation, which are not Subject to a Jury Trial</u>.

During the same October 11, 2019 discovery hearing referenced immediately above, Plaintiff's counsel also stated on the record that Boigris' "position on damages" is that he should recover the costs of litigation, and that his claim is "primarily a dec[laratory] action:"

> The Court: And so then in terms of real or out of pocket damages, wouldn't the cost of any litigation, then, for the [United States Patent & Trademark Office proceeding] be potentially recoverable if your claim succeeds?
>
> Mr. Dempsey: That's what we – **that's our position on damages**, yes.
>
> \*   \*   \*   \*   \*   \*   \*   \*   \*   \*
>
> The Court: So if you don't – in other words, you have to produce [the billing entries from the USPTO proceeding] if you're going to seek that as a damage in the case. Now, if you're not seeking damages as a practical matter its really more of a dec. action.
>
> Mr. Dempsey: **Its primarily a dec. action**.

**Exhibit 4**, p. 26, ln 7-11; p. 27-28, ln 22-1 (emphasis added).

As this hearing transcript reveals, Boigris is well aware and has acknowledged that his claims are "primarily" for declaratory (equitable) relief, and not for legal relief in the form of damages. And to the extent Boigris asserts that he is entitled to reimbursement of his attorneys' fees from the USPTO proceeding, such a claim would be inherently baseless because the Trademark Trial and Appeal Board

5

("TTAB") entered summary judgment **against him**, and in favor of EWC. Regardless, the law is clear that "counsel fees are outside the range of the right to jury trial." *Kennedy v. Lakso Co.*, 414 F.2d 1249, 1254 (3d Cir. 1969); *see also Sanijet Corp. v. Jacuzzi Inc.*, 2002 U.S. Dist. LEXIS 2463, at *6-7 (N.D. Tex. Feb. 14, 2002) (granting motion to strike jury demand in a trademark case, and finding that an award of attorneys' fees "is equitable in nature and is to be decided by the court, and not by a jury."); *Empresa v. Culbro Corp.*, 123 F. Supp. 2d 203, 211 (S.D.N.Y. 2000) ("It is well settled that a claim for attorneys' fees and costs under the Lanham Act does not entitle a party to a trial by jury."). Thus, Boigris is not entitled to a jury trial as it relates to his claimed damages for attorneys' fees stemming from the TTAB proceeding.

     5.  <u>The Paragraph 7 Statement is False Based on Boigris' Sworn Testimony</u>.

As a final matter, the Paragraph 7 Statement cannot serve as a basis for denying EWC's Motion to Strike for the sole reason that it is plagued with untrue statements, one after another, that entirely contradict Boigris' sworn testimony.

*First*, Boigris claimed in that statement that he was harmed "as a result of [EWC's] wrongful efforts to **destroy [Boigris'] business plans**…" [ECF No. 79, p. 3, ¶7] (emphasis added). This assertion is baseless and false. As noted by the TTAB in its order granting summary judgment to EWC, Boigris "admits that **he has no business plans**…" [ECF No. 60-34, p. 10] (emphasis added). To be sure, Boigris previously testified under oath that he had no business plans:

> Q: And in response to the document request, it's been indicated that you don't have any written business plans with respect to these marks or the products that are identified in the applications, correct?
>
> A: That's correct.

[ECF No. 62-10, p. 149, ln 21-25]. Thus, and because EWC could not possibly "destroy" business plans that did not even exist, the Paragraph 7 Statement is untrue and cannot serve as a basis for granting Boigris a jury trial on his declaratory judgment claims.

*Second*, Boigris also asserted that in light of EWC's cease-and-desist letter, he was "immediately prevented from securing financing." [ECF No. 79, p. 3, ¶7]. This statement is also false in light of Boigris' sworn testimony. Specifically, Boigris admitted that at the time of filing the subject intent-to-use applications – which was **before** EWC's cease-and-desist letter – Boigris had not spoken to anyone regarding financing:

> Q: Prior to filing the applications that are the subject of the proceeding, did you have any communications with – regarding possible financing for this business?

>   A: No, I did not.

**Exhibit 5**, p. 133, ln ln 5-9. Furthermore, Boigris had not even opened a bank account for his purported "business:"

>   Q: Have you opened any bank accounts related to these marks or the goods that are identified in the applications that are the subject of this proceeding?
>   A: No.

**Exhibit 6**, p. 145, ln 12-15. As a result, Boigris could not have been "prevented from securing financing" when he had neither spoken with anyone regarding that subject, nor opened a bank account.

>   *Third*, Boigris claimed in the Paragraph 7 Statement that in light of EWC's cease-and-desist letter, he was "immediately prevented from…attracting investors." [ECF No. 79, p. 3, ¶7]. Yet according to his testimony, and at the time he filed the subject intent-to-use applications, Boigris never contacted any investors to begin with:

>   Q: Did you seek out any investors or business partners in the cosmetic industry prior to April 29, 2016?
>   A: No.

**Exhibit 7**, p. 98, ln 10-12. Continuing the pattern from above, EWC could not have prevented Boigris from "attracting investors" when he had never sought out investors or business partners to begin with.

>   *Fourth*, the Paragraph 7 Statement advances the notion that Boigris was "immediately prevented from…making contracts with suppliers." [ECF No. 79, p. 3, ¶7]. Yet once again, this statement is bellied by Boigris' testimony that he never communicated with any suppliers:

>   Q: Prior to filing the applications that are the subject of this proceeding, did you have any communications with suppliers with respect to these – these products?
>   Mr. Dempsey: Object to form.
>   A: No.

**Exhibit 8**, p. 128, ln 19-24. Logically then, EWC could not have prevented Boigris from "making contracts with suppliers" when Boigris never even communicated with any suppliers in the first place.

>   *Fifth*, and by vaguely making reference to his once-owned www.shopblok.com website, Boigris also claimed that his "ability to run his **preexisting retail business** was also severely harmed by having to dedicate extensive time and sources with respect to [EWC]." [ECF No. 79, p. 3, ¶7] (emphasis added). This statement too conflicts with his sworn testimony, as Boigris stated under oath

7

that his "Shopblok.com" business was **not** "pre-existing," but rather began long after he filed the subject intent-to-use applications on April 29, 2016:

> Q: But shopblok.com wasn't – didn't come into existence as a domain until after you applied to register these marks [on April 29, 2016]; right? Sometime later in 2016; right?
> A: Correct.

**Exhibit 9**, p. 167, ln 21-25.

In sum, and clearly undeterred by EWC's now-filed Motion for Sanctions pursuant to Fed. R. Civ. P. 11 [ECF No. 82], Boigris continues to advance untrue statements *ad seriatim*. Regardless, none of those assertions serve as a basis for affording Boigris with a jury trial in this case. EWC's Motion to Strike should be granted.

### B. Boigris is Not Entitled to a Jury Trial on Count III of EWC's Counterclaim for Violating the Anti-Cybersquatting Consumer Protection Act ("ACPA").

On pages three (3) and four (4) of his Response, Boigris contends that his jury trial demand "is sufficiently broad to cover the Defendant's counterclaim, which seeks damages against the Plaintiff arising out of alleged 'cybersquatting' on Defendant's trademarks." [ECF No. 79 at p. 3, ¶10].[2] Boigris cited no legal authority in support of this proposition, and unsurprisingly then, his argument missed the mark.

As an initial matter, and in determining whether the right to a jury trial exists, this Court "must first decide whether the statute[] underlying the party's claims afford the right to a jury trial." *Bank of Am., N.A. v. Ann Losee Homeowners Ass'n*, 2018 U.S. Dist. LEXIS 11738, at *3 (D. Nev. July 16, 2018). Here, the plain language of the governing statute does not afford Boigris with the right to a jury trial; to the contrary, the statute is plainly equitable in nature, as it provides that a plaintiff is entitled to relief "subject to the principles of equity," and "as the court considers just." *See* 15 U.S.C.§1117(a)(stating that "the court" shall award damages "subject to the principles of equity," "in its discretion," and in an amount "the court shall find to be just"); *see also* 15 U.S.C. § 1117(d)(the court shall award statutory damages between $1,000 and $100,000 per domain name "as the court considers just"); *Flow Control Indus. v. AMHI, Inc.*, 278 F. Supp. 2d 1193, 1201 (W.D. Wash. 2003) (holding that in terms of awarding statutory damages under the ACPA, "the Court applies the principles of equity to craft a suitable remedy"). Analyzing the clear and unambiguous text of the statute, the Ninth Circuit

---

[2] Boigris omitted any discussion as to Count IV of EWC's counterclaim for violation of the Florida Deceptive and Unfair Trade Practices Act, and therefore has conceded the issue.

8

Court of Appeals addressed this exact issue in *Two Plus Two Publishing LLC v. Jacknames.com*, 572 Fed. Appx. 466 (9th Cir. May 1, 2014), and held that the "district court did not err in calculating statutory damages [under the ACPA] rather than holding a jury trial on that issue." *Id.* at 467. Put simply then, the ACPA "does not provide for a jury trial on damages." *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1034 (9th Cir. 2011); *see also Acad. of Motion Picture Arts & Sci. v. Godaddy, Inc.*, 2015 U.S. Dist. LEXIS 186631, at *10 (C.D. Cal. Apr. 10, 2015) (because "the ACPA does not specifically provide for the right to a jury trial, it cannot be said that there is a right to jury a trial on an ACPA claim.").

In line with that proposition of law, and because there is no right to a jury trial for a claim under the ACPA, courts have routinely entered judgment against an infringing defendant without holding a jury trial on liability and damages. *See Victoria's Cyber Secret Ltd. Partnership v. V Secret Catalogue, Inc.*, 161 F. Supp. 2d 1339(S.D. Fla. 2001) (granting summary judgment and awarding $10,000 per domain name and attorneys' fees under the ACPA); *Pinehurst, Inc. v. Wick*, 256 F. Supp. 2d 424, 433 (M.D.N.C. 2003) (granting summary judgment and awarding plaintiff "statutory damages in the amount of $ 50,000.00 per domain name for a total amount of $100,000.00"); *E. & J. Gallo Winery v. Spider Webs, Ltd.*, 129 F. Supp. 2d 1033, 1048 (S.D. Tex. 2001) (granting summary judgment to the plaintiff, and finding "an award of statutory damages in the amount of $25,000.00 to be just."); *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 441-442 (4th Cir. 2011) (holding that the district court did not err in granting summary judgment to the plaintiff and assessing statutory damages against the defendant); *City of Carlsbad v. Shah*, 850 F. Supp. 2d 1087, 1117 (S.D. Cal. 2012) (where in a bench trial the court awarded $50,000 in statutory damages for each of the infringing domain names); *Two Plus Two Publ'g, LLC v. Jacknames.com*, 572 F. App'x 466, 467 (9th Cir. 2014) (finding that it was proper for the district court to calculate statutory damages "rather than holding a jury trial on that issue").

In accordance with the legal authorities cited herein, EWC's counterclaim under the ACPA does not provide Boigris with the right to a jury trial. Therefore, this Court should grant EWC's pending Motion for Summary Judgment and award damages "subject to the principles of equity," and in an amount "the court shall find to be just." To the extent that EWC's pending Motion for Summary Judgment is denied as to Count III of EWC's counterclaim, this Court should conduct a bench trial on that claim, and strike Boigris' request for a jury trial.

### C. This Court Should Not Consider Boigris' Untimely Response.

Although EWC has addressed Boigris' Response, EWC is nevertheless compelled to cite the controlling law as to Boigris' untimely submission. Although his Response was due on January 13, 2020, Boigris instead filed a motion for extension of time that day at 11:44 p.m. [ECF No. 77]. Boigris

9

was granted a one (1) day extension of time to file his Response, through and including January 14, 2020. [ECF No. 78].

Notwithstanding, Boigris' Response was filed on January **15**, 2020. [ECF No. 79]. It is undisputed that Boigris failed to request a second enlargement of time pursuant to Fed. R. Civ. P. 6(b).[3] When a party does not move for enlargement prior to the expiration of the time permitted, the filing "can be accepted only on motion made . . . if the party failed to act because of excusable neglect." *D.A. v. District of Columbia*, 2007 U.S. Dist. LEXIS 90640, *5, 2007 WL 4365452 (D.D.C. Dec. 6, 2007) (internal citations omitted). "It is an abuse of the court's discretion to consider an untimely filing in the absence of such a motion." *Id.* "Courts routinely refuse to accept filings under these circumstances even where the delay is minor and no prejudice would result." *Id.*; *see also Everson v. Medlantic Healthcare Group*, No. 00-cv-226, 2006 U.S. Dist. LEXIS 4457, 2006 WL 297711, at *1 (D.D.C. Feb. 7, 2006) (striking motions in limine filed three days late not accompanied by motion filed pursuant to Rule 6(b)); *Wild v. Alster*, No. 01-cv-479, 2005 U.S. Dist. LEXIS 12780, 2005 WL 1458283, at *2 (D.D.C. June 17, 2005) (denying defendants' bill of costs filed one day late). Here, because Boigris failed to move for an extension of time pursuant to Fed. R. Civ. P. 6(b), EWC submits that this Court should not consider Boigris' untimely Response.

**IV.     Request for Status Conference.**

EWC respectfully resubmits its request that the Court set a status conference, and a hearing to the extent necessary, in order to address the impact of EWC's Motion to Strike. As of this motion, EWC has filed a motion to dismiss the Complaint for lack of subject matter jurisdiction, and a case-dispositive motion for summary judgment. To the extent that both motions are denied, EWC submits that it will significantly conserve the Court's resources, as well as the parties' resources, if the parties are aware of whether they are proceeding under a jury trial, or alternatively, a bench trial. For these reasons, EWC requests a status conference at the Court's convenience.

**V.     Conclusion.**

WHEREFORE, and based on the arguments and legal authorities presented in EWC's Motion to Strike, as well as the instant memorandum of law, this Court should enter an order: (1) granting EWC's Motion to Strike in all respects; and (2) granting EWC such further relief that the Court deems just and proper.

---

[3] Rule 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time…on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b).

| | |
|---|---|
| Dated:  January 21, 2020 | Respectfully submitted,<br><br>Jonathan Woodard<br>John Cyril Malloy, III<br>Florida Bar No. 964,220<br>jcmalloy@malloylaw.com<br>Oliver Alan Ruiz<br>Florida Bar No. 524,786<br>oruiz@malloylaw.com<br>Jonathan Woodard<br>Florida Bar No. 0096553<br>jwoodard@malloylaw.com<br>**MALLOY & MALLOY, P.L.**<br>2800 S.W. Third Avenue<br>Miami, Florida 33129<br>Telephone (305) 858-8000<br>Facsimile (305) 858-0008<br><br>*Attorneys for Defendant/*<br>*Counter-Plaintiff* |