**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-21148-SCOLA

BRYAN BOIGRIS,

    Plaintiff,

v.

EWC P&T, LLC,

    Defendant.
_____/

EWC P&T, LLC,

    Counter-Plaintiff,

v.

BRYAN BOIGRIS,

    Counter-Defendant.
_____/

### PLAINTIFF'S NOTICE OF SERVICE ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff/Counter-Defendant, BRYAN BOIGRIS ("Plaintiff" or "Counter-Defendant"), by and through the undersigned counsel, hereby serves its answers to the first set of interrogatories propounded by Defendant/Counter-Plaintiff, EWC P&T, LLC ("Defendant" or "Counter-Plaintiff"), as follows:

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 17, 2019, a true and correct copy of the foregoing document was sent via electronic mail to all parties on the Service List below.

**HIRZEL DREYFUSS & DEMPSEY, PLLC**
*Counsel to Claimant*
2333 Brickell Avenue, Suite A-1
Miami, Florida 33129
Telephone: (305) 615-1617

By: */s/ Patrick G. Dempsey*
    **LEON F. HIRZEL**
    Florida Bar No. 085966
    hirzel@hddlawfirm.com
    **PATRICK G. DEMPSEY**
    Florida Bar No. 27676
    dempsey@hddlawfirm.com

## SERVICE LIST

Oliver Alan Ruiz
John Cyril Malloy, III
Florida Bar No. 964220
jcmalloy@malloylaw.com
Oliver Alan Ruiz
Florida Bar No. 524786
oruiz@malloylaw.com
Jonathan R. Woodard
Florida Bar No. 0096553
jwoodard@malloylaw.com
**MALLOY & MALLOY, P.L.**
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone: (305) 858-8000
*Attorneys for Defendant/Counter-Plaintiff*

## ANSWERS TO INTERROGATORIES

### RESERVATION OF THE RIGHT TO MODIFY ANSWERS

A. Reservation of the Right to Modify Answers in the Future: Plaintiff responds to Defendant's Interrogatories without prejudice to its right to produce evidence of any and all facts and to modify these Answers, if necessary, and to rely upon facts that may be discovered through its own investigations or investigation of others and in future discovery by all parties.

B. Plaintiff's responses will be based solely on the information available at the present time. In preparing its responses, Plaintiff has not consulted and has no obligation to consult former employees, agents, or third-parties.

### DEFENDANT'S SPECIFIC ANSWERS TO INTERROGATORIES

**Interrogatory No. 1.** Identify the person(s) answering these interrogatories and all persons who assisted or provided any information in answering these interrogatories, and state the reason for selection of such person(s) therefor.

*Answer*: Bryan Boigris.

**Interrogatory No. 2.** Identify those witnesses with knowledge pertaining to the claims and defenses in this lawsuit. For each witness state the subject matter about which the witness is expected to testify; the substance of the facts and/or opinions about which the witness is expected to testify; and a summary of the grounds for each opinion.

*Answer*: *See* Plaintiff's Rule 26(a)(1) disclosures.

**Interrogatory No. 3.** Identify each person whom you expect to call as an expert witness at trial. For each expert witness, state the subject matter about which each expert is expected to testify; the substance of the facts and/or opinions about which the expert is expected to testify; and a summary of the grounds for each opinion.

*Answer*: As of the date of these answers, Plaintiff has not retained any expert witnesses.

**Interrogatory No. 4.** In paragraph forty-seven of Your Complaint, You stated that You are "entitled to recover damages from Defendant as a result of, *inter alia*, [Your] Marks being superior to Defendant's Marks." Please identify:

    a. The amount of damages you allege that you are entitled to recover;

    b. The contract, statute, or legal authority that supports your contention that you are entitled to recover damages;

    c. All documents that support your contention that you are entitled to recover damages.

*Answer*: Plaintiff has not yet calculated his damages. There is no contractual basis for recovery of damages. Such damages arise out of and relate to trademark law and general common law. As for documents, Plaintiff's filings with the USPTO will be used as a basis for entitlement to damages. Otherwise, Plaintiff is unaware at this time of any specific "documents"

that support the Plaintiff's entitlement to damages beyond the general legal filings in this proceeding and/or general legal authorities related to trademark law.

**Interrogatory No. 5.** In Your Answer, you "denied" paragraph fifty-seven (57) of EWC's Counterclaim, which reads:

> In April of 2016, and upon information and belief, Boigris registered various domain names that are nearly identical to EWC's EUROPEAN WAX CENTER® mark, including the domains "EUROPAWAXCENTER.COM" and "EUWAXCENTER.COM" (collectively the "Infringing Domain Names"). Boigris registered, maintained, trafficked in, and/or used the Infringing Domain Names.

Please identify all facts and documents that support your "denial" of paragraph fifty-seven (57).

> *Answer*: Plaintiff has registered a variety of domain names in the past several years that relate to consumer products and/or consumer services. Plaintiff recalls registering domain names related to consumer products and/or services in or around 2016, but does not recall what specific domain names were or were not registered in that time period.

**Interrogatory No. 6.** In Your Answer, you "denied" paragraph fifty-eight (58) of EWC's Counterclaim, which reads:

> The Infringing Domain Names are confusingly similar and dilutive of EWC's registered EUROPEAN WAX CENTER® mark.

Please identify all facts and documents that support your "denial" of paragraph fifty-eight (58).

> *Answer*: Plaintiff maintains that paragraph fifty-eight (58) of EWC's Counterclaim is primarily a legal conclusion. However, to the extent it is factual in nature, Plaintiff denies that the domain names in question are actually "confusingly similar and dilutive" because the domain names are different and distinct from EWC's "mark." Plaintiff maintains that "european" simply describes the type of wax services generally provided by Defendant. Plaintiff believes that "european," "eu," and/or "europa" are different terms in the way said terms are pronounced and that the average consumer would not be confused into thinking said terms represent the same concept or definition.

**Interrogatory No. 7.** In Your Answer, you "denied" paragraph sixty-eight (68) of EWC's Counterclaim, which reads:

> Also in April of 2016, Boigris registered various domain names that are nearly identical to EWC's EUROPEAN WAX CENTER® mark, including the Infringing Domain Names.

Please identify all facts and documents that support your "denial" of paragraph sixty-eight (68).

> *Answer*: Plaintiff has registered a variety of domain names in the past several years that relate to consumer products and/or consumer services. Plaintiff recalls registering domain names related to consumer products and services in or around 2016, but does not recall what specific domain names were or were not registered in that time period. Additionally, Plaintiff maintains that "european" simply describes the type of wax services generally provided by Defendant. Plaintiff believes that "european," "eu," and/or "europa" are different terms in the way said terms are pronounced and that the average consumer would not be confused into

4

thinking said terms represent the same concept or definition. As a result, the domain names in question are not identical, nor "nearly identical," to EWC's "mark."

I declare under penalty of perjury that the foregoing Answers to EWC's First Set of Interrogatories are true and correct.

Executed this 17th day of December 2019.

_____
Bryan Boigris