**EXHIBIT 2**

```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                      Case No. 19-21148-CIV-RNS

BRYAN BOIGRIS,                    )
                                  )
     PLAINTIFF,                   )
                                  )
     -v-                          )
                                  )
EWC P&T, LLC,                     )
                                  )
     DEFENDANT.                   )   Miami, Florida
                                  )   October 11, 2019
_____)


            TRANSCRIPT OF DISCOVERY HEARING PROCEEDINGS

               BEFORE THE HONORABLE EDWIN G. TORRES

                   UNITED STATES MAGISTRATE JUDGE



Appearances:

(On Page 2.)



Reporter                     Stephen W. Franklin, RMR, CRR, CPE
(561) 514-3768               Official Court Reporter
                             701 Clematis Street
                             West Palm Beach, Florida 33401
                             E-mail:  SFranklinUSDC@aol.com
```

```
 1   Appearances:

 2   FOR THE PLAINTIFF:              Patrick G. Dempsey, ESQ.
                                     Hirzel, Dreyfuss and Dempsey
 3                                   Brickell Bay Club
                                     Suite A-1
 4                                   2333 Brickell Avenue
                                     Miami, FL 33129
 5
     FOR THE DEFENDANT               Jonathan R. Woodard, ESQ.
 6                                   Malloy & Malloy, PL
                                     2800 Southwest 3rd Avenue
 7                                   Miami, FL 33129

 8                       * * * * *

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              What happened was is that they immediately -- not
 2   immediately.  They -- within a few weeks of him filing his
 3   notice of intent to use, they filed their own trademark
 4   applications, notwithstanding the fact that we had a predated
 5   notice of intent to use.  That completely shut down our
 6   client's ability to get any sort of financial backing to
 7   bring -- to go forward with his plans to bring the products to
 8   market.
 9              Basically, it was -- that receiving a declaration
10   that their actions of filing a trademark application after our
11   notice of intent to use had already been filed was predatory
12   conduct, and we were seeking a declaration that it was
13   improper and that he should be entitled to recover the costs
14   and expenses that he's had in having to fight this process.
15              THE COURT:  Okay.  And other than the Shopblok-
16   related documents, I guess your primary complaint and damage,
17   then, would be the cost of defense and the prosecution of the
18   PTO action?
19              MR. DEMPSEY:  Yeah, and --
20              THE COURT:  Is that the primary damage?
21              MR. DEMPSEY:  Primarily, because the -- we recognize
22   that we will have a claim for damages for lost profits because
23   of them destroying his ability to seek investors and all of
24   that, but frankly, after we reviewed it we knew it was going
25   to be too speculative in terms of measuring those damages, and
```

```
 1   so we just didn't bother to seek them.  They are real damages,
 2   but we just didn't list them as an element, because we knew
 3   that a business that's just getting off the ground, just
 4   getting started, looking for potential investors, there was
 5   serious real damage there, but we know that it will be too
 6   speculative for this Court to award damages on that, so . . .
 7            THE COURT:  And so then in terms of real or out of
 8   pocket damages, wouldn't the cost of any litigation, then, for
 9   the PTO be potentially recoverable if your claim succeeds?
10            MR. DEMPSEY:  That's what we -- that's our position
11   on damages, yes.
12            THE COURT:  And so then you didn't have to produce
13   those?  The -- I guess the time records and/or bills, invoices
14   that were incurred or costs incurred in connection with that
15   process?
16            MR. DEMPSEY:  Yeah.  Yes, Your Honor.
17            I think, though, that for the purposes of not
18   revealing what the litigation strategy was and things like
19   that, we can produce them in redacted form that -- so they
20   don't show exactly what we were doing, and the unredacted
21   versions could be reviewed after we prevail on the Court
22   action.
23            It would be similar to a claim for seeking of
24   attorney's fees and costs.
25            THE COURT:  But in this case, though, it's an
```