**EXHIBIT 4**

```
 1                UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA
 2
                     Case No. 19-21148-CIV-RNS
 3
     BRYAN BOIGRIS,                  )
 4                                   )
          PLAINTIFF,                 )
 5                                   )
          -v-                        )
 6                                   )
     EWC P&T, LLC,                   )
 7                                   )
          DEFENDANT.                 )   Miami, Florida
 8                                   )   October 11, 2019
     _____)
 9

10          TRANSCRIPT OF DISCOVERY HEARING PROCEEDINGS

11            BEFORE THE HONORABLE EDWIN G. TORRES

12               UNITED STATES MAGISTRATE JUDGE

13

14   Appearances:

15   (On Page 2.)

16

17   Reporter                    Stephen W. Franklin, RMR, CRR, CPE
     (561)514-3768               Official Court Reporter
18                               701 Clematis Street
                                 West Palm Beach, Florida 33401
19                               E-mail:  SFranklinUSDC@aol.com

20

21

22

23

24

25
```

```
 1  Appearances:

 2  FOR THE PLAINTIFF:              Patrick G. Dempsey, ESQ.
                                    Hirzel, Dreyfuss and Dempsey
 3                                  Brickell Bay Club
                                    Suite A-1
 4                                  2333 Brickell Avenue
                                    Miami, FL 33129
 5
     FOR THE DEFENDANT              Jonathan R. Woodard, ESQ.
 6                                  Malloy & Malloy, PL
                                    2800 Southwest 3rd Avenue
 7                                  Miami, FL 33129

 8                              * * * * *

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1  so we just didn't bother to seek them.  They are real damages,
 2  but we just didn't list them as an element, because we knew
 3  that a business that's just getting off the ground, just
 4  getting started, looking for potential investors, there was
 5  serious real damage there, but we know that it will be too
 6  speculative for this Court to award damages on that, so . . .
 7           THE COURT:  And so then in terms of real or out of
 8  pocket damages, wouldn't the cost of any litigation, then, for
 9  the PTO be potentially recoverable if your claim succeeds?
10           MR. DEMPSEY:  That's what we -- that's our position
11  on damages, yes.
12           THE COURT:  And so then you didn't have to produce
13  those?  The -- I guess the time records and/or bills, invoices
14  that were incurred or costs incurred in connection with that
15  process?
16           MR. DEMPSEY:  Yeah.  Yes, Your Honor.
17           I think, though, that for the purposes of not
18  revealing what the litigation strategy was and things like
19  that, we can produce them in redacted form that -- so they
20  don't show exactly what we were doing, and the unredacted
21  versions could be reviewed after we prevail on the Court
22  action.
23           It would be similar to a claim for seeking of
24  attorney's fees and costs.
25           THE COURT:  But in this case, though, it's an
```

```
 1   element of damage if you're going to seek costs, right?  If
 2   you're going to seek -- if your argument that out of pocket
 3   costs that were a result of this, what you call a predatory
 4   conduct of the defendant, and other than the litigation
 5   itself, but the only other out of pocket costs I can think of
 6   would be pursuing or defending the PTO action, right?
 7             MR. DEMPSEY:  Primarily, yes.
 8             THE COURT:  Yeah.  So don't you have to produce
 9   that?
10             I suppose if there's a privilege communication
11   reflected in there.  But other than that, is there anything
12   else privileged in there?
13             MR. DEMPSEY:  I -- well, I mean, there -- they --
14   the billing entries we try to be somewhat detailed to inform
15   our clients what we're billing them for, and so I do think
16   that --
17             THE COURT:  Well, I understand some redaction would
18   be appropriate, but obviously if it just says conference with
19   a client, then you wouldn't need to redact that.
20             MR. DEMPSEY:  I would agree.
21             THE COURT:  Right?
22             So if you don't -- in other words, you have to
23   produce that if you're going to seek that as a damage in the
24   case.  Now, if you're not seeking damages as a practical
25   matter it's really more of a dec. action.
```

```
 1              MR. DEMPSEY:  It's primarily a dec. action.
 2              THE COURT:  In that case, then, that's fine.  Then
 3   just drop your damage claim, and you don't have to worry about
 4   six.  But I think I have to compel six in addition to five.
 5              Now, if there -- if you ultimately decide we won't
 6   pursue any out of pocket damages, that's fine.  Then that
 7   moots six.  But as of now, I have to compel that.
 8              With regard to seven --
 9              MR. DEMPSEY:  Seven and eight were ones where we --
10              THE COURT:  now, here you agree to produce.  Do they
11   now exist?
12              MR. DEMPSEY:  Uh, well, so some documents have been
13   produced already.  They're in their possession from the
14   previous case.  That's what this is referencing.
15              THE COURT:  Right.
16              MR. DEMPSEY:  It's also going beyond that.
17              We are looking for additional documents.  My clients
18   have informed me that they've been able to assemble a few
19   additional documents that I'm going to review and produce as
20   soon as possible.  And so we, again, these requests are
21   requests that we are more than happy to respond to, because
22   they're seeking documents that are supportive of our claims,
23   and --
24              THE COURT:  Okay.
25              MR. DEMPSEY:  -- unfortunately, some of those
```