**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
CASE NO.: 19-CV-21148-SCOLA

BRYAN BOIGRIS,

    Plaintiff,

v.

EWC P&T, LLC, a Florida
limited liability company,

    Defendant.
_____/

EWC P&T, LLC,

    Counter-Plaintiff,

v.

BRYAN BOIGRIS,

    Counter-Defendant.
_____/

**NOTICE OF FILING BRIEF STATEMENT OF PLAINTIFF'S POSITION REGARDING THE PROPER AMOUNT OF STATUTORY DAMAGES PURSUANT TO THE COURT'S FEBRUARY 18, 2020 ORDER ON SUMMARY JUDGMENT**

Plaintiff, BRYAN BOIGRIS (the "Boigris"), by and through undersigned counsel, gives notice of filing Boigris' *Brief Statement Of Plaintiff's Position Regarding The Proper Amount Of Statutory Damages Pursuant To The Court's February 18, 2020 Order On Summary Judgment,* and in support thereof states as follows:

    I.    **INTRODUCTION**

On February 18, 2020 the Court entered a sealed Order on EWC P&T, LLC's ("EWC") Motion for Summary Judgment (the "MSJ").  In the February 18, 2020 Order, the Court

ordered "the parties to file a brief[1] statement of each party's position regarding the proper amount of statutory damages by February 27, 2020." *See* [ECF 119] at 13.

In compliance with the Court's February 18, 2020 Order, Boigris hereby provides a brief statement regarding the issue of statutory damages and, in summary, contends that (i) statutory damages cannot be entered against Boigris until after EWC has actually moved for summary judgment on the issue of statutory damages, which EWC has not yet done; (ii) statutory damages cannot be entered without an evidentiary hearing; (iii) to the extent statutory damages were to ultimately be awarded to EWC, such statutory damages should only be awarded with respect to the two (2) domain names at issue in EWC's Counterclaim; and (iv) to the extent statutory damages were to ultimately be awarded on the two (2) domain names at issue, the measure of such damages should be $1,000.00 per domain.

## II. BOIGRIS' BRIEF STATEMENT OF POSITION REGARDING THE PROPER AMOUNT OF STATUTORY DAMAGES

### a. STATUTORY DAMAGES CANNOT BE ENTERED AGAINST BOIGRIS UNTIL AFTER EWC HAS ACTUALLY MOVED FOR SUMMARY JUDGMENT ON THE ISSUE OF STATUTORY DAMAGES AND PREVAILED, OR UNTIL THE COURT HAS CONDUCTED AN EVIDENTIARY HEARING.

EWC moved for summary judgment as to the issue of liability concerning its Counterclaims, but EWC did not seek summary judgment on the measure of damages. As a result, the Court should not enter any ruling on the issue of statutory damages until (i) after EWC has filed an appropriate motion for summary judgment on the measure of statutory damages and Boigris is given the ability to respond thereto and/or (ii) after an appropriate

---

[1] Boigris has understood the Court's order for a "***brief*** statement" concerning the issue of statutory damages as an order to alert the Court as to Boigris' position concerning such damages, but expressly not an order for Boigris to provide a thorough and exhaustive memorandum/argument in support of said position. Boigris respectfully requests the ability to submit a more thorough and complete memorandum/argument in support of his position on statutory damages at an appropriate time in the future before the Court issues any ruling on the award of statutory damages.

2

evidentiary hearing concerning the factors related to the measure of an award of statutory damages.[2]

As a result, Boigris brief position on the issue of statutory damages is that such damages are premature.

      b. <u>ANY AWARD OF STATUTORY DAMAGES SHOULD BE LIMITED TO THE TWO (2) DOMAIN NAMES AT ISSUE IN THE COUNTERCLAIM AND SHOULD BE LIMITED TO AN AWARD OF NOT MORE THAN $1,000.00 PER DOMAIN NAME.</u>

EWC is improperly attempting to recover statutory damages for domain names that were not alleged in EWC's Counterclaim. Specifically, EWC's Counterclaim only sought relief under the Anti-Cybersquatting Consumer Protection Act for two (2) domain names: "euwaxcenter.com" and "europawaxcenter.com." Without seeking leave to amend its Counterclaim, EWC has wrongfully sought to recover damages from Boigris for nine (9) other domain names that are entirely absent from EWC's Counterclaim. If there had been a trial on the merits, perhaps EWC could have sought leave to amend to conform to the evidence to include these nine (9) additional domain names, but there is no basis for seeking relief on a motion for summary judgment concerning domain names that were never pled by EWC.

In addition to EWC's failure to allege a violation of the Anti-Cybersquatting Consumer Protection Act for the nine (9) additional domain names, EWC cannot and should not be granted statutory damages for said additional domain names because the domain names are

---

[2] A party that prevails on a claim of cybersquatting may elect to recover "instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just." *See* 15 U.S.C. § 1117(d). In determining appropriate statutory damages for cybersquatting, "courts generally consider a number of factors … including the egregiousness or willfulness of the defendant's cybersquatting, the defendant's use of false contact information to conceal its infringing activities, the defendant's status as a "serial" cybersquatter—i.e., one who has engaged in a pattern of registering and using a multitude of domain names that infringe the rights of other parties—and other behavior by the defendant evidencing an attitude of contempt towards the court or the proceedings." *See Digby Adler Group LLC v. Image Rent a Car, Inc.,* 79 F.Supp.3d 1095 (N.D. Cal. Feb 6, 2015) (*citing Verizon Cal. Inc. v. Onlinenic, Inc.*, C 08–2832 JF (RS), 2009 WL 2706393 (N.D. Cal. Aug. 25, 2009)).

materially different from EWC's alleged trademarks. To be clear, EWC does not own any trademarks rights to the phrase "Wax Center." On the contrary, EWC's trademark rights only extend to "European Wax Center." As a result, the nine (9) domain names that were not actually alleged in EWC's Counterclaim, which are variations on the descriptive term "wax center," cannot possibly have violated the Anti-Cybersquatting Consumer Protection Act. As a result, the only possible domain names that could have violated the Anti-Cybersquatting Consumer Protection Act are, at most, "euwaxcenter.com" and/or "europawaxcenter.com."

As for the potential measure of statutory damages for the "euwaxcenter.com" and/or "europawaxcenter.com" domains, the Court should not enter any judgment until after an appropriate motion and ability to respond has taken place. However, Boigris' "brief position" regarding statutory damages for the two aforementioned domains is that the Court should award no more than $1,000.00 for each of the two domains.

In determining appropriate statutory damages for cybersquatting, "courts generally consider a number of factors ... including the egregiousness or willfulness of the defendant's cybersquatting, the defendant's use of false contact information to conceal its infringing activities, the defendant's status as a 'serial' cybersquatter—i.e., one who has engaged in a pattern of registering and using a multitude of domain names that infringe the rights of other parties – and other behavior by the defendant evidencing an attitude of contempt towards the court or the proceedings." *See Digby Adler Group LLC v. Image Rent a Car, Inc.,* 79 F.Supp.3d 1095 (N.D. Cal. Feb 6, 2015).

Boigris has not used any false contact information; Boigris is not a 'serial' cybersquatter; and Boigris has never evidence any "attitude of contempt towards the court or the proceedings." As a result, statutory damages should not exceed $1,000.00 for each of the two (2) domain names at issue in this litigation.

### III. CONCLUSION

Boigris respectfully requests that the Court refrain from determining the amount of statutory damages until after EWC has filed an appropriate motion for summary judgment concerning such statutory damages or until after an appropriate evidentiary hearing on this subject.

To the extent that the Court were to decide to entertain entering an award of statutory damages without a motion for summary judgment or evidentiary hearing, Boigris respectfully requests a briefing schedule that sets a date for EWC's motion and memorandum on the subject of statutory damages sought by EWC; a deadline within which Boigris is to respond to such a motion and memorandum; and a date for a hearing on the issue of statutory damages.

At the appropriate time, or at the request of the Court, Boigris is prepared to submit a more thorough and complete argument and memorandum of law in support of the foregoing brief statement of his position concerning the issue of statutory damages.

Dated:   February 27, 2020.                    Respectfully submitted,

**HIRZEL, DREYFUSS & DEMPSEY, PLLC**
*Counsel for Plaintiff*
2333 Brickell Ave, Suite A-1
Miami, Florida 33129-2497
Telephone: (305) 615-1617
Facsimile: (305) 615-1585

By: /s/ *Patrick G. Dempsey*
    **LEON F. HIRZEL**
    Florida Bar No. 085966
    hirzel@hddlawfirm.com
    **PATRICK G. DEMPSEY**
    Florida Bar No. 27676
    dempsey@hddlawfirm.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was served via electronic notification to opposing counsel via the NextGen portal on this 27th day of February, 2020.

By: /s/ *Patrick G. Dempsey*
       **PATRICK DEMPSEY**