UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 19-CV-21148-SCOLA

BRYAN BOIGRIS,

    Plaintiff,
v.

EWC P&T, LLC,

    Defendant.
_____/

EWC P&T, LLC,

    Counter-Plaintiff,
v.

BRYAN BOIGRIS,

    Counter-Defendant.
_____/

**EWC P&T, LLC'S MOTION FOR ENTRY OF FINAL JUDGMENT**

    EWC P&T, LLC ("EWC") respectfully submits this Motion for Entry of Final Judgment ("Motion"). In accordance with Local Rule 7.1(a)(3), EWC engaged in multiple attempts to meet-and-confer with counsel for Bryan Boigris ("Boigris"), and those efforts are set forth in detail below. Because those meet-and-confer efforts were ignored, EWC is unable to advise the Court whether Boigris is opposed or unopposed to the relief sought herein.

**I. Statement of Requested Relief**

    Because there are no outstanding claims to be adjudicated in this case,[1] EWC respectfully requests the entry of a final judgment in substantially the form attached hereto as **Exhibit A**.

---

[1] The proposed Final Judgment submitted herewith expressly reserves the right to amend the final judgment contingent upon the outcome of EWC's motion to tax costs [ECF No. 125], and its renewed motion for sanctions and attorneys' fees [ECF No.129]. EWC filed its motion to tax costs on March 18, 2020, and Boigris

## II. **Background**

This civil action commenced on March 25, 2019, when Boigris filed a two-count complaint against EWC which: **(a)** appealed a decision rendered by the Trademark Trial and Appeal Board ("TTAB") pursuant to 15 U.S.C. §1071(B); and **(b)** sought a declaratory ruling that Boigris was entitled to have his intent-to-use trademark applications "validated and approved." [ECF No. 1].

On July 8, 2019, EWC filed its Answer, Affirmative Defenses, and Counterclaims against Boigris. [ECF No. 11]. In its Counterclaims, EWC asserted the following causes of action: **(a)** a declaratory judgment action that affirmed the TTAB's underlying decision granting summary judgment in favor of EWC; **(b)** a declaratory judgment action, requesting a finding that any use of the involved trademarks by Boigris would constitute trademark infringement/unfair competition; **(c)** violations of the Anti-Cybersquatting Consumer Protection Act ("ACPA") under 15 U.S.C. §1125(d); and **(d)** violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

On December 30, 2019, EWC filed a motion for summary judgment. [ECF Nos. 63, 65]. On February 18, 2020, this Court entered an Omnibus Order on the Motion for Summary Judgment filed by EWC ("SJ Order"). The SJ Order entered summary judgment against Boigris on Counts I and II of his Complaint, and in favor of EWC on Count I of its Counterclaim, as the Court held that the TTAB "was correct in finding that Boigris lacked the bona fide intent to use the marks in commerce." [ECF No. 118 at p. 6]. The SJ Order also entered summary judgment in favor of EWC on Count II of its Counterclaim, finding that EWC has protectable interests in its SMOOTH ME, RENEW ME, and REVEAL ME trademarks, and that "Boigris's proposed use of the marks are likely to cause confusion." *Id.* at p. 8. Furthermore, the Court held that "Boigris consciously intended to capitalize on EWC's business reputation or to otherwise harm EWC." *Id.* at p. 9. The SJ Order proceeded to grant summary judgment in favor of EWC

---

has failed to respond, such that the motion can be treated as conceded or unopposed. EWC's renewed motion for sanctions and motion for award of attorneys' fees and non-taxable costs was filed and served on April 13, 2020.

on Count III of its Counterclaim based on Boigris' violation of the Anti-Cybersquatting Consumer Protection Act ("ACPA"). After analyzing the nine factors codified in 15 U.S.C.S. § 1125(d), the Court found that "[f]actors one, two, three, four, eight, and nine weigh heavily in favor of a finding of bad faith." *Id.* at p. 11. In its conclusion, the Court ordered both EWC and Boigris to file a "statement of each party's position regarding the proper amount of statutory damages by **February 27, 2020**." *Id.* at p. 13 (emphasis in original).[2]

Following each party's position statement regarding the proper amount of statutory damages to be awarded, this Court entered an order on March 13, 2020 (the "Statutory Damages Order"). [ECF No. 123]. In that ruling, this Court found that 25,000.00 for "each of the two domain names set forth in the counterclaim, for a total of $50,000.00, is a just award of statutory damages." *Id.* at p. 1.

As a result of the SJ Order and Statutory Damages Order, there are no pending claims against EWC, and similarly, there are no remaining claims against Boigris that were brought by EWC in its Counterclaim.

Consequently, a final judgment in favor of EWC should be issued, with a reservation to amend the final judgment pending the disposition of EWC's conceded/unopposed motion to tax costs[3], and its renewed motion for sanctions and for attorneys' fees.

### III. MEMORANDUM OF LAW

#### A. Standard of Review.

Fed. R. Civ. P. 58 "requires every judgment to be set forth on a separate document." *ABF Cap. Corp. v. Osley*, 414 F.3d 1061, 1064 (9th Cir. 2005). "The

---

[2] As to Count IV of EWC's Counterclaim, and after concluding that EWC had not demonstrated "actual damages" measured by the "difference in market value of the product in the condition in which it was delivered and its market value in the condition in which it should have been delivered," the Court held that EWC did "not have a FDUTPA claim," and dismissed EWC's FDUTPA claim "without prejudice and with leave to refile in Florida state court." *Order* at p. 12-13.

[3] EWC filed its Motion to Tax Costs on March 18, 2020 [ECF No. 125], and Boigris' deadline to file a response in opposition was April 1, 2020. Boigris has failed to respond, and the motion to tax costs can therefore be treated as conceded or unopposed.

goal of Rule 58(a) is to impose a clear line of demarcation between a judgment and an opinion or memorandum." *In re Cendant Corp. Sec. Litig.*, 454 F.3d 235, 243 (3d Cir. 2006). "A final judgment is one where there is a decision upon a 'cognizable claim for relief' that is 'an ultimate disposition of an individual claim' or party." *NATA Eng'g, Inc. v. Port St. Lucie*, 2007 U.S. Dist. LEXIS 9003, at *2 (S.D. Fla. Feb. 7, 2007). "[A] final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." *Kapila v. Grant Thornton, LLP*, 14-61194-Civ-Scola, 2018 U.S. Dist. LEXIS 15146, at *3 (S.D. Fla. Jan. 30, 2018).

When a party's motion for summary judgment has been granted, it is appropriate to enter a final judgment on a separate document. *See La Ley Recovery Sys.-Ob, Inc. v. United Healthcare Ins. Co.*, 2016 U.S. Dist. LEXIS 198138, at *3 (S.D. Fla. Nov. 22, 2016) (granting the defendant's motion for summary judgment on July 28, 2015, and immediately entering final judgment in favor of the defendant).

### B. EWC is Entitled to Entry of Final Judgment Because the SJ Order and the Statutory Damages Order Disposed of All Claims in this Action.

In the instant case, the SJ Order and the Statutory Damages Order disposed of all claims in this action (other than for attorneys' fees and costs).[4] As detailed above, summary judgment was entered in favor of EWC on Counts I and II of Boigris' Complaint, and in favor of EWC on Counts I, II, and III of EWC's Counterclaim. Lastly, Count IV of EWC's Counterclaim (violation under the FDUTPA) was dismissed without prejudice to refile in state court. Through the Statutory Damages Order, EWC was awarded $50,000.00 in statutory damages based on Boigris' violation of the ACPA. Accordingly, and because there are no remaining claims in this action (other than for attorneys' fees and costs), a final judgment should be entered.

---

[4] *See* EWC's Motion to Tax Costs [ECF No. 125], and EWC's renewed motion for sanctions and attorneys' fees [ECF No.129].

## IV. CONCLUSION

WHEREFORE, EWC respectfully requests that this Court: **(a)** grant the instant Motion; **(b)** enter a final judgment in substantially the form attached hereto as **Exhibit A**; **(c)** expressly reserve the right to amend the final judgment contingent upon the outcome and disposition of EWC's Motion to Tax Costs [ECF No. 125], and EWC's renewed motion for sanctions and attorneys' fees [ECF No.129]; and **(d)** grant such other and further relief that is just and proper.

### CERTIFICATE OF GOOD FAITH CONFERENCE – EFFORTS TO CONFER WERE IGNORED

Pursuant to Local Rule 7.1(a)(3), EWC certifies that it has made reasonable efforts to confer with counsel for Boigris, but that all of those efforts to confer were ignored.

More specifically, EWC first contacted counsel for Boigris via a written request to meet-and-confer, which was transmitted on April 7, 2020 at 1:44 p.m. ("First Attempt"). In that written correspondence, EWC requested that opposing counsel "please advise if [Boigris] is opposed or unopposed to this proposed final judgment." Counsel for Boigris failed to ever respond to EWC's First Attempt.

On April 7, 2020 at approximately 2:53 p.m., EWC contacted Boigris (through counsel) via a telephone call ("Second Attempt"). EWC's counsel spoke with opposing counsel's assistant, who advised that opposing counsel was unavailable at the moment. EWC's counsel provided his contact information and the reason for the call. Boigris' counsel failed to ever respond to EWC's Second Attempt.

Subsequently, on April 17, 2020 at 1:25 p.m., EWC once again emailed opposing counsel ("Third Attempt"). In that written correspondence, EWC requested that opposing counsel please advise as to whether Boigris was opposed or unopposed to EWC's proposed final judgment (a copy of which was attached to that correspondence). Boigris's counsel failed to respond to EWC's Third Attempt.

On April 17, 2020 at 1:50 p.m., EWC's counsel followed up with a telephone call to opposing counsel ("Fourth Attempt"). The undersigned spoke

with opposing counsel's assistant, who advised that opposing counsel was unavailable. Accordingly, the undersigned left a message on opposing counsel's voicemail, stating the reason for the call. No response was ever received to EWC's Fourth Attempt.

On April 17, 2020 at 2:44 p.m., EWC again emailed opposing counsel, and requested that opposing counsel "[p]lease advise as to your client's opposition or non-opposition <u>by no later than 4:00 p.m. today,</u> as we intend to file our motion shortly thereafter." (emphasis in original) (the "Fifth Attempt"). No response was ever received to EWC's Fifth Attempt.

In sum, the undersigned certifies that EWC has repeatedly made efforts to meet-and-confer with counsel for Boigris, but has been unable to do so, as EWC's meet-and-confer efforts were otherwise ignored. Nevertheless, EWC has satisfied its own obligations under Local Rule 7.1(a)(3).

Dated: April 17, 2020

        Respectfully submitted,

        <u>Jonathan Woodard</u>
        John Cyril Malloy, III
        Florida Bar No. 964,220
        jcmalloy@malloylaw.com
        Oliver Alan Ruiz
        Florida Bar No. 524,786
        oruiz@malloylaw.com
        Jonathan Woodard
        Florida Bar No. 0096553
        jwoodard@malloylaw.com
        **MALLOY & MALLOY, P.L.**
        2800 S.W. Third Avenue
        Miami, Florida 33129
        Telephone (305) 858-8000
        Facsimile (305) 858-0008

        *Attorneys for Defendant/Counter-Plaintiff EWC P&T, LLC*