UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 19-CV-21148-SCOLA

BRYAN BOIGRIS,

    Plaintiff,
v.

EWC P&T, LLC, a Florida
limited liability company,

    Defendant.
_____/

EWC P&T, LLC,

    Counter-Plaintiff,
v.

BRYAN BOIGRIS,

    Counter-Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S RENEWED MOTION FOR SANCTIONS AGAINST BRYAN BOIGRIS AND HIRZEL DREYFUSS & DEMPSEY, PLLC OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION FOR SANCTIONS**

Plaintiff, BRYAN BOIGRIS (the "Plaintiff"), by and through undersigned counsel, hereby files this Response to Defendant *EWC P&T, LLC's Renewed Motion For Sanctions Against Bryan Boigris And Hirzel Dreyfuss & Dempsey, PLLC or, in the Alternative, Motion For Extension Of Time To Respond To Defendant's Motion For Sanctions,* and in support thereof states as follows:

I. **INTRODUCTION**

On January 15, 2020, Defendant, EWC P&T, LLC (the "Defendant" or "EWC") filed its *Motion For Sanctions Against Bryan Boigris And Hirzel Dreyfuss & Dempsey, PLLC Pursuant To Rule 11 Of The Federal Rules Of Civil Procedure, This Court's Inherent*

1

*Authority, and 15 U.S.C. § 1117 Of The Lanham Act.  See* [ECF 82] (hereinafter the "Initial Motion for Sanctions").

On April 13, 2020, Defendant EWC filed its *Renewed Motion For Sanctions Against Bryan Boigris And Hirzel Dreyfuss & Dempsey, PLLC Pursuant To Rule 11 Of The Federal Rules Of Civil Procedure, This Court's Inherent Authority, and 15 U.S.C. § 1117 Of The Lanham Act And Verified Motion For An Award Of Attorneys' Fees In Compliance With S.D. Fla Local Rule 7.3.* (hereinafter the "Motion for Sanctions").  *See* [ECF 129].

EWC's Motion for Sanctions should be denied because: (i) the Motion For Sanctions is Legally Insufficient And Frivolous; (ii) Plaintiff's Complaint Is Legitimate Pursuant To Federal Law; (iii) there are additional grounds for denying EWC's Motion for Sanctions; (iv) EWC's Motion for Sanctions should be denied with leave granted to EWC to file two distinct "motions for sanctions" that clearly separate "Rule 11" sanctions from "inherent authority" sanctions; and (v) to the extent that the Motion for Sanctions is not denied outright, Plaintiff requests an extension of time to conduct discovery and supplement the factual record cited in EWC's Motion for Sanctions and/or Plaintiff should be entitled to present evidence and testimony in opposition to the motion for sanctions at an evidentiary hearing and/or oral argument.  The request for statutory attorneys' fees within the Motion for Sanctions should be independently denied because the Court has already concluded that statutory attorneys' fees are not warranted in this litigation.

## II.   STANDARD OF REVIEW

"Rule 11 is an extraordinary remedy, one to be exercised with *extreme caution*." *Yantiss v. Smigelski*, No.: 8:11-cv-2161-T-35- TBM, 2013 U.S. Dist. LEXIS 195518 at *3 (M.D. Fla. August 28, 2013) (emphasis added).

Rule 11 inquiry requires consideration of "(a) whether the claims are objectively frivolous; and (b) whether the person who signed the pleading should have been aware that

2

they were frivolous had he made a reasonable inquiry." *See Byrne v. Nezhat*, 261 F.3d 1071, 1105 (11th Cir. 2001).

Courts apply a "two-step inquiry for Rule 11 sanctions that examines (1) whether the claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that the claims were frivolous." *Miller v. RelationServe, Inc.*, 05-61944-CIV, 2006 WL 5849318, at *7 (S.D. Fla. Dec. 1, 2006) (*citing Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)). "An objective standard of reasonableness governs both inquiries." *In re BankAtlantic Bancorp, Inc. Sec. Litig.*, 851 F. Supp. 2d 1299, 1308 (S.D. Fla. 2011), *aff'd sub nom. Hubbard v. BankAtlantic Bancorp, Inc.*, 503 Fed. Appx. 677 (11th Cir. 2012). "A legal claim is frivolous if no reasonably competent attorney could conclude that it has any reasonable chance of success or is a reasonable argument to change existing law." *Id.* "A factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis, because it is supported by no evidence or only by 'patently frivolous' evidence." *Id.* (*citing to Davis v. Carl*, 906 F.2d 533, 538 (11th Cir.1990)).

The party moving for Rule 11 sanctions has a "relatively high burden of showing the lawsuit is so baseless in law or fact to justify Rule 11 sanctions." *Cabrera v. Goodyear Tire & Rubber Co.*, CIV. 10-21226, 2011 WL 535103, at *2 (S.D. Fla. Feb. 8, 2011). "The party requesting sanctions bears a heavy burden of demonstrating that sanctions are warranted, with all doubts resolved in the non-movant's favor." *Pharma Supply, Inc. v. Stein*, No. 14-80374, 2015 WL 11439276 at *1 (S.D. Fla. May 27, 2015) *citing McMahan Secs. Co. v. FB Foods, Inc.*, No. 8:04-cv-1791-T-24TGW, 2006 WL 2092643, 2006 U.S. Dist. LEXIS 59834c. No. 40 (M.D. Fla. Aug. 24, 2006)).at *2 (M.D. Fla. July 27, 2006); *see also Great Lakes Reinsurance (UK) PLC v. Blue Sea, LLC*, Case No. 6:05-cv-1660-Orl-22KRS, 2006 U.S. Dist. LEXIS 59834 at *9, 2006 WL 2471522 at *3 (M.D. Fla. Aug. 24, 2006) ("All doubts as to

3

whether Rule 11 has been violated should be resolved in favor of the party who signed the pleading.").

Rule 11 motions "should **not** be employed to...test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes…[n]or should Rule 11 motions be prepared to emphasize the merits of a party's position [or to] intimidate an adversary into withdrawing contentions that are fairly debatable." Fed. R. Civ. P. 11, Advisory Committee Notes (1993 Amendments) (emphasis added).  Many courts have made this point very clear.[1]

To be clear, "Rule 11 motions should ***conserve rather than misuse*** judicial resources." *Moeck v. Pleasant Valley School District*, 844 F.3d 387 (3d Cir. 2016) (emphasis added) (*citing Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 99 (3d Cir. 1988) ("Rather than misusing scarce resources, [the] timely filing and disposition of Rule 11 motions should conserve judicial energies.").

Rule 11 is not a substitute for trial or a motion for summary judgment.  "Any merits determination must await either a properly supported motion for summary judgment (if appropriate and warranted) or a determination through trial." *Strike Force Techs., Inc. v. White Sky, Inc.,* No. 13-1895, 2013 U.S. Dist. LEXIS 145755, 2013 WL 5574643, at *12 (D.N.J. Oct. 9, 2013) (describing the misuse of Rule 11 by litigants as a substitute for a motion for summary judgment).

A Rule 11 Motion that is largely similar to a Motion for Summary Judgment is highly disfavored.  *Wasmanski v. T.G.I. Friday's Inc.*, No. 07-6001, 2008 U.S. Dist. LEXIS 51290,

---

[1] *See, e.g., Weaver v. Mateer and Harbert, P.A.,* 523 Fed. App'x 565, 568 (11th Cir. 2013) (Rule 11 motion based upon "alleged misconduct that bleeds into and overlaps with the merits of the instant action" is "simply not sanctionable under Rule 11"); *Mortg. Payment Prot., Inc. v. Cynosure Fin., Inc.,* 2010 U.S. Dist. LEXIS 40611, 2010 WL 1708983, at 7-8 (M.D. Fla. Mar. 15, 2010) ("This Court should decline CFI's invitation to determine the merits of the case on these [Rule 11] papers.

4

2008 WL 2645357, at *5 (D.N.J. July 2, 2008) (denying a Rule 11 motion which "closely mirror[ed]" an unsuccessful summary judgment motion with the court quoting the above-quoted Advisory Committee Notes); *Jawbone, LLC v. Donohue*, No. 01 CIV. 8066 (CSH), 2002 U.S. Dist. LEXIS 11806, 2002 WL 1424587, at *8 (S.D.N.Y. June 28, 2002) (denying defendants' motion for sanctions; the parties' "numerous submissions in connection with their cross-motions for sanctions have served primarily to repeat and elaborate on the arguments made in the principal exchange of motions"); *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 179 (S.D.N.Y. 2008) (denying fees in opposing motion for sanctions but stating that "in many respects the motion [for sanctions] is grounded on matters that go to the merits of the parties' dispute" and "[i]n the Court's assessment, under these circumstances [the] Rule 11 motion teeters as close as it can approach, without crossing over, to the borderline of being sanctionable itself"); *Ross v. Mukasey*, 2009 U.S. Dist. LEXIS 130020, 2009 WL 4250124, at *5 (D. Colo. Nov. 24, 2009) (the motion for sanctions requires the Court "to make factual and legal findings based on the pleadings and the conflicting evidentiary assertions of the parties in a process that closely resembles the approach to a motion for summary judgment.).

Moreover, Defendant's Motion For Sanctions was filed for an improper purpose, and therefore, Plaintiff should be awarded "reasonable expenses, including attorney's fees, incurred for the motion." Fed.R.Civ.P. 11(c)(2). "Rule 11 authorizes a court to sanction a party who submits a pleading for an improper purpose." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1260 (11th Cir.2014) (citing Fed.R.Civ.P. 11(b)(1)). Upon the filing of a Rule 11 motion, "the court may award to the prevailing party the reasonable expenses, including attorney's fees incurred for the motion." Fed.R.Civ.P. 11(c)(2) (emphasis added). "[T]he filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." Fed.R.Civ.P. 11(b), (c) advisory committee's note to 1993 amendment. "Ordinarily, this does not require a cross-motion for sanctions, since a court is authorized to award fees to a party

that successfully opposes a Rule 11 sanctions motion." *Smith*, 750 F.3d at 1260. "Thus, when a party files a Rule 11 motion for an improper purpose, the court may award fees to the target of the motion." *Id.*

### III. EWC'S MOTION FOR SANCTIONS IS LEGALLY INSUFFICIENT AND FRIVOLOUS.

EWC's Motion for Sanctions is legally insufficient and frivolous. In particular, the Motion for Sanctions confuses, and is inherently unclear about, the purported grounds for sanctions pursuant to Rule 11 compared with the purported grounds for sanctions pursuant to the Court's "inherent authority." As a result, the Motion for Sanctions fails to present reasonably discernible arguments in favor of Rule 11 Sanctions, as distinct from "inherent authority" sanctions. This lack of clarity, resulting from EWC's blending of arguments for "inherent authority" sanctions and purported "Rule 11" sanctions, renders the Motion for Sanctions invalid with respect to "Rule 11" sanctions because it improperly erodes the "safe harbor" provisions of Rule 11 due to the lack of clarity.

EWC's Motion for Sanctions, to the extent it is premised upon Rule 11, is also improper because it was filed for an improper purpose that is contrary to the express and implied purposes of Rule 11.

To be clear, "Rule 11 motions should ***conserve rather than misuse*** judicial resources." *Moeck v. Pleasant Valley School District*, 844 F.3d 387 (3d Cir. 2016) (emphasis added) (*citing Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 99 (3d Cir. 1988) ("Rather than misusing scarce resources, [the] timely filing and disposition of Rule 11 motions should conserve judicial energies."). EWC's Motion for Sanctions does not conserve judicial resources. On the contrary, EWC's Motion for Sanctions simply creates needlessly additional work for all of the parties to this action and is, essentially, a mere restatement of EWC's Motion for Summary Judgment. *See* [ECF 59].

6

A Rule 11 Motion is improper and highly disfavored if it is essentially the same as the movant's Motion for Summary Judgment. *Strike Force Techs., Inc. v. White Sky, Inc.*, No. 13-1895, 2013 U.S. Dist. LEXIS 145755, 2013 WL 5574643, at *12 (D.N.J. Oct. 9, 2013) (describing the misuse of Rule 11 by litigants as a substitute for a motion for summary judgment); *Wasmanski v. T.G.I. Friday's Inc.*, No. 07-6001, 2008 U.S. Dist. LEXIS 51290, 2008 WL 2645357, at *5 (D.N.J. July 2, 2008).[2] EWC's Motion for Sanctions and EWC's Motion for Summary Judgment are largely based upon the same factual arguments and even the same cases law. *See* [ECF 59] and [ECF 82]. The degree of overlap between EWC's Motion for Summary Judgment and EWC's Motion for Sanctions is also highly suspect because EWC sent Plaintiff the Motion for Sanctions, pursuant to the Rule 11 "safe harbor" requirements on December 20, 2019; the same day on which EWC filed its Motion for Summary Judgment [ECF 59]. Instead of conserving judicial resources, EWC essentially duplicated the waste of judicial resources by contemporaneously serving a Motion for Summary Judgment and Motion for Sanctions that argue substantially the same issues. *Id.*

As additional grounds in opposition to EWC's Motion for Sanctions, Plaintiff incorporates, as if fully stated herein, Plaintiff's filings under seal in response to EWC's Motion for Summary Judgment. *See* [ECF 97] and [ECF 98] (the "Responsive Filings"). The Responsive Filings address the same substantive arguments with respect to EWC's Motion

---

[2] *Jawbone, LLC v. Donohue*, No. 01 CIV. 8066 (CSH), 2002 U.S. Dist. LEXIS 11806, 2002 WL 1424587, at *8 (S.D.N.Y. June 28, 2002) (denying defendants' motion for sanctions; the parties' "numerous submissions in connection with their cross-motions for sanctions have served primarily to repeat and elaborate on the arguments made in the principal exchange of motions"); *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 179 (S.D.N.Y. 2008) (denying fees in opposing motion for sanctions but stating that "in many respects the motion [for sanctions] is grounded on matters that go to the merits of the parties' dispute" and "[i]n the Court's assessment, under these circumstances [the] Rule 11 motion teeters as close as it can approach, without crossing over, to the borderline of being sanctionable itself"); *Ross v. Mukasey*, 2009 U.S. Dist. LEXIS 130020, 2009 WL 4250124, at *5 (D. Colo. Nov. 24, 2009) (the motion for sanctions requires the Court "to make factual and legal findings based on the pleadings and the conflicting evidentiary assertions of the parties in a process that closely resembles the approach to a motion for summary judgment.")

for Summary Judgment that are also present within EWC's contemporaneously filed Motion for Sanctions. *Id*. In particular, the Responsive Filings note that nearly all of EWC's cases in support of the Motion for Summary Judgment (cases that are heavily cited in the Motion for Sanctions) are decisions on the merits after a final evidentiary hearing before the TTAB as opposed to decisions premised upon a motion for summary judgment. *Id*. Additionally, the Responsive Filings argue that most of EWC's arguments regarding "prior use" or "analogous use" of the trademarks at issue in this dispute were never plead as affirmative defenses. *Id*. Finally, the Responsive Filings establish a genuine dispute as to a material fact concerning the alleged "cybersquatting" of two domain names by showing that EWC has not established bad faith intent. *Id*.[3]

EWC's lengthy Motion for Summary Judgment is itself evidence against the imposition of sanctions. EWC asserts in the Motion for Sanctions that Plaintiff's claims are sufficiently frivolous to merit Rule 11 sanctions, but EWC required fifteen (15) additional pages for its Motion for Summary Judgment; resulting in a 35-page Motion for Summary Judgment. *See* [ECF 65]. EWC also filed a 12-page Statement of Material Facts that incorporated 19 different exhibits; which amounted to well over 1000 pages of filings in support of EWC's Motion for Summary Judgment. *See* [ECF 62 and ECF 63]. Following Plaintiff's 17-page Response to EWC's Motion for Summary Judgment, EWC filed twelve (12) additional pages of argument in EWC's Reply In Support Of Motion For Summary Judgment. *See* [ECF 102]. If EWC required a total of 47 pages of argument and over 1000 pages of exhibits to support its Motion for Summary Judgment, it is clear that Plaintiff's claims and defenses were not

---

[3] It is important to note that EWC's Counterclaim against Plaintiff is confined to two (2) domain names: "euwaxcenter.com" and "europawaxcenter.com". Any reference or argument concerning other "domain names" beyond the two referenced above cannot be considered on a motion for Rule 11 sanctions or "inherent authority" sanctions. This is clearly proper to the extent EWC's Motion for Sanctions is premised upon "Rule 11" sanctions.

frivolous and are not subject to Rule 11 sanctions. This is especially true because Plaintiff's Motion for Summary Judgment, despite the extensive arguments spanning many pages, was ultimately "granted in part ***and denied in part***." *See* [ECF 119] (emphasis added).

The Order on Summary Judgment is also evidence against EWC's contention that Plaintiff's claims and defenses are frivolous under Rule 11. *See* [ECF 119]. The thirteen (13) page Order on Summary Judgment, which is single-spaced and contains over 9000 words of analysis, carefully weighs the claims and defenses to conclude that EWC was entitled to summary judgment on many, but not all, of its claims and defenses. *Id.* Such a thorough weighing of claims and defenses is not consistent with EWC's assertion that Plaintiff's claims and defenses are entirely frivolous and sanctionable under Rule 11. EWC was largely successful on its Motion for Summary Judgment, but not because Plaintiff's claims or defenses were untenable or frivolous. Instead, the record shows that EWC's partial success was the result of extensive arguments, voluminous supporting exhibits, and a relatively long Order that carefully weighed the evidence and arguments presented by both Plaintiff and EWC to conclude that EWC's Motion for Summary Judgment was "granted in part and denied in part." *Id*.

The foregoing is entirely normal and consistent with standard legal practice; while it is entirely abnormal and improper for EWC to seek Rule 11 sanctions very late in the litigation simply because EWC was able to obtain summary judgment. Rule 11 is very limited in its scope and should not be applied simply because one party ultimately obtains summary judgment in its favor.

In effect, EWC has improperly sought to weaponize its Motion for Summary Judgment by filing a substantially similar set of arguments, on the same day, in the form of EWC's initial Motion for Sanctions. EWC's attempts to aggressively convert arguments on summary judgment into arguments for sanctions is highly improper and should be categorically denied.

9

If EWC's improper Motion for Sanctions is not categorically denied, it will set a precedent that encourages parties seeking summary judgment to simultaneously filed motions for sanctions; something that is clearly not consistent with the letter or the spirit of Rule 11.

### IV. EWC'S MOTION SHOULD BE DENIED BECAUSE PLAINTIFF'S COMPLAINT IS LEGITIMATE PURSUANT TO FEDERAL LAW.

EWC's Motion for Sanctions should also be denied because Plaintiff's Complaint is premised upon a clearly legitimate exercise of Plaintiff's right to appeal a decision of the TTAB to the Federal District Court in and for the Southern District of Florida. Specifically, Plaintiff's Complaint seeks in this action "an appeal and trial de novo pursuant to 15 U.S.C. § 1071(b) as to the final decision (the "Final Order") of the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office ("PTO") that sustained Defendant's opposition to Plaintiff's application to register three trademarks in connection with cosmetic beauty products." *See* [ECF 1 at ¶ 1].

Plaintiff, who was effectively the "defendant" in the opposition action filed by EWC before the TTAB, has an absolute right to appeal the decision of the TTAB to the Federal District Court in and for the Southern District of Florida. *See* 15 U.S.C. § 1071(b). Plaintiff cannot, and is not, subject to sanctions because of exercising his rights to appeal the TTAB's decision to the Federal District Court in and for the Southern District of Florida pursuant to 15 U.S.C. § 1071(b).

EWC has failed to cite any cases in which Rule 11 Sanctions could be applicable simply because of Plaintiff's decision to exercise his right to review the TTAB decision. As a result, the Motion for Sanctions is legally insufficient and frivolous.

The Motion for Sanctions admits, quite clearly, that sanctions and/or attorneys' fees are not awarded to a prevailing party in a proceeding before the TTAB. However, the Motion for Sanctions seeks to upend this legal standard by improperly arguing that a party exercising

their right of appeal pursuant to 15 U.S.C. § 1071(b) somehow should be subject to sanctions. There is no legal authority for such a proposition. In fact, any threat of sanctions for exercising a right of appeal pursuant to 15 U.S.C. § 1071(b) would undermine the right to access Article III Courts and would unreasonably limit a party from pursuing an appeal from the TTAB pursuant to 15 U.S.C. § 1071(b). On the contrary, a party pursuing an appeal under 15 U.S.C. § 1071(b) should clearly be afforded a hearing on the merits pursuant to a dispositive motion, final hearing, or trial by jury. *Id.* Simply exercising statutory rights to seek a review of a TTAB hearing is not grounds for a Rule 11 Motion or for any other form of sanctions.

The Motion for Sanctions is also improper and has been filed for an illegitimate purpose because of EWC's own filings concerning the facts at issue in this litigation. Plaintiff has engaged in very reasonable and highly efficient litigation in support of Plaintiff's rights to appeal pursuant to 15 U.S.C. § 1071(b). In stark relief, EWC has filed numerous motions in a "scorched earth" effort to force Plaintiff to expend extensive judicial resources. A review of the Docket Report for this litigation will make this quite clear. Plaintiff has been highly professional and agreeable in this litigation and has always sought to conserve judicial resources and to be largely accommodating of EWC's requests for extensions. Plaintiff's professionalism and legal courtesy has, apparently, been taken for granted by EWC in its Motion for Sanctions; which seeks to sanction Plaintiff for simply exercising his statutory rights to access an Article III court in relation to the disputed trademarks.

Adding insult to injury, EWC has filed multiple unfounded motions in limine in this action. *See* [ECF 86] (containing multiple purported motions in limine). EWC's multiple motions in limine make it clear that EWC is concerned about the factual record in this action; which clearly shows that Plaintiff's claims and/or defenses are not entirely frivolous. EWC and Plaintiff have many factual and legal issues to dispute, on summary judgment or

11

otherwise, but there is clearly no basis for Rule 11 sanctions against Plaintiff for simply exercising Plaintiff's right to seek relief from the District Court pursuant to, *inter alia*, 15 U.S.C. § 1071(b).

As a result, the Motion for Sanctions is illegitimate and frivolous. Because the Motion for Sanctions is frivolous, Plaintiff is entitled to an award of attorneys' fees and costs with respect to responding to said Motion for Sanctions.[4]

## V. ADDITIONAL GROUNDS FOR DENIAL OF THE MOTION FOR SANCTIONS.

The Motion for Sanctions improperly combines arguments in favor of "Rule 11" sanctions with arguments in favor of "inherent authority" sanctions. Such a combination is not inherently improper, but Plaintiff is forced to guess as to what grounds are specifically premised upon Rule 11 compared to the purported grounds for sanctions pursuant to the Court's inherent authority. To allow a party to combine, in one motion and without exceptionally clear distinctions, "inherent authority" sanctions with "Rule 11" sanctions would undermine the "safe harbor" provisions of Rule 11 and undermine the clearly higher standard of review applicable to sanctions under Rule 11. *Yantiss v. Smigelski*, No.: 8:11-cv-2161-T-35- TBM, 2013 U.S. Dist. LEXIS 195518 at *3 (M.D. Fla. August 28, 2013) ("Rule 11 is an extraordinary remedy, one to be exercised with extreme caution"). EWC's entire Motion for Sanctions should therefore be subjected to the heightened scrutiny applicable to Rule 11

---

[4] By serving a Rule 11 motion, defense counsel exposed himself to sanctions. Rule 11 authorizes a court to sanction a party who submits a pleading for an improper purpose. Fed.R.Civ.P. 11(b)(1). "[T]he filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." Fed.R.Civ.P. 11 advisory committee's note. Ordinarily, this does not require a cross-motion for sanctions, since a court is authorized to award fees to a party that successfully opposes a Rule 11 sanctions motion. *Id.* Thus, when a party files a Rule 11 motion for an improper purpose, the court may award fees to the target of the motion. Such is the case here. *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1260 (11th Cir. 2014) (*citing* Fed.R.Civ.P. 11 advisory committee's notes); *see also In Claudet v. First Fed. Credit Control, Inc.*, No. 614CV2068ORL41DAB, 2015 WL 7984410, at *3 (M.D. Fla. Nov. 17, 2015) (the Court imposed sanctions upon in response to an improper Rule 11 motion.).

sanctions or, in the alternative, EWC should be forced to file two separate and distinct "motions for sanctions" that comply with applicable law.

As a result of the foregoing, Plaintiff respectfully demands that EWC's Motion for Sanctions be denied. To the extent the Motion for Sanctions is not denied, Plaintiff respectfully requests a more definitive statement from EWC regarding the grounds for Rule 11 Sanctions versus the grounds for "inherent authority" sanctions. This is particularly important because the "Rule 11" sanctions and "inherent authority" sanctions sought by EWC in the Motion for Sanctions are subject to clearly different legal standards.

### VI. TO THE EXTENT THAT THE MOTION FOR SANCTIONS IS NOT DENIED OUTRIGHT, PLAINTIFF REQUESTS AN EXTENSION OF TIME TO CONDUCT DISCOVERY AND SUPPLEMENT THE FACTUAL RECORD CITED IN EWC'S MOTION FOR SANCTIONS AND/OR PLAINTIFF SHOULD BE ENTITLED TO PRESENT EVIDENCE AND TESTIMONY IN OPPOSITION TO THE MOTION FOR SANCTIONS AT AN EVIDENTIARY HEARING AND ORAL ARGUMENT.

To the extent this Court does not outright deny EWC's Motion for Sanctions, Plaintiff respectfully requests that this Court allow Plaintiff to conduct reasonable discovery concerning EWC's Motion for Sanctions. This is a legitimate and reasonable request in light of the fact that EWC's Motion for Sanctions relies so heavily upon purported factual issues. To the extent necessary, Plaintiff therefore requests an extension of time to supplement this response to EWC's Motion for Sanctions for the reasons stated above.

Moreover, to the extent the Motion for Sanctions is not outright denied, Plaintiff requests an evidentiary hearing and/or oral argument as to the purported grounds for EWC's Motion for Sanctions.

**WHEREFORE**, Brian Boigris respectfully requests that this Court (i) DENY the Motion for Sanctions entirely; (ii) in the alternative, DENY the Motion for Sanctions with leave granted to EWC to file two distinct "motions for sanctions" that clearly separate "Rule 11" sanctions from "inherent authority" sanctions; (iii) to the extent that the Motion for

13

Sanctions is not denied outright, Plaintiff requests an extension of time to conduct discovery and supplement the factual record cited in EWC's Motion for Sanctions and/or Plaintiff should be entitled to present evidence and testimony in opposition to the motion for sanctions at an evidentiary hearing and/or oral argument; and (iv) grant Plaintiff attorneys' fees and/or additional sanctions against EWC for filing an improper and frivolous Rule 11 Motion.

Dated: April 28, 2020.                             Respectfully submitted,

**HIRZEL, DREYFUSS & DEMPSEY, PLLC**
*Counsel for Plaintiff*
2333 Brickell Ave, Suite A-1
Miami, Florida 33129-2497
Telephone: (305) 615-1617
Facsimile: (305) 615-1585

By: /s/ *Patrick G. Dempsey*
    **LEON F. HIRZEL**
    Florida Bar No. 085966
    hirzel@hddlawfirm.com
    **PATRICK G. DEMPSEY**
    Florida Bar No. 27676
    dempsey@hddlawfirm.com