**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.: 19-CV-21148-SCOLA

BRYAN BOIGRIS,

    Plaintiff,

v.

EWC P&T, LLC,

    Defendant.
_____/

EWC P&T, LLC,

    EWC,

v.

BRYAN BOIGRIS,

    Plaintiff.
_____/

**EWC P&T, LLC'S REPLY IN SUPPORT OF RENEWED MOTION FOR SANCTIONS AGAINST BRYAN BOIGRIS AND HIRZEL DREYFUSS & DEMPSEY, PLLC PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE, THIS COURT'S INHERENT AUTHORITY, AND 15 U.S.C. § 1117 OF THE LANHAM ACT, AND VERIFIED MOTION FOR AN AWARD OF ATTORNEYS' <u>FEES IN COMPLIANCE WITH S.D. FLA. LOCAL RULE 7.3</u>**

EWC P&T, LLC ("EWC"), submits its Reply in Support of the Renewed Motion for Sanctions ("Motion") against Bryan Boigris ("Boigris") and Hirzel, Dreyfuss & Dempsey, PLLC ("HDD").

## PRELIMINARY STATEMENT AND RELIEF REQUESTED

Under this Court's precedent, EWC's Motion should be deemed unopposed because Boigris and HDD not only failed to file a timely opposition pursuant to Local Rule 7.1(c), they also omitted any explanation for the untimeliness of their opposition. As stated in a prior decision, a party's "disregard of the Court's Local Rules ***requires*** that we decline to consider a response that is not only late but does not even bother to present a reason for its failure." *Campestre v. Campero*, 19-cv-20001-SCOLA/TORRES, 2019 U.S. Dist. LEXIS 133098 at *7 (S.D. Fla. Aug. 8, 2019) (emphasis added). *Campestre* is directly on point because Boigris' response to the Motion was filed after the deadline, and failed to offer an explanation for its untimeliness.[1] Exacerbating this rule violation, the untimeliness of the Opposition was not due to inadvertence or mistake; rather, HDD was specifically made aware of the April 27, 2020 deadline, but nevertheless chose to disregard it. EWC respectfully submits that, by virtue of *stare decisis*, this Court should adopt the exact same analysis and conclusion that was applied in *Campestre*, and deem EWC's Motion as unopposed. *Campestre*, 2019 U.S. Dist. LEXIS 133098, at *8 (S.D. Fla. Aug. 8, 2019) ("we need go no further in the consider of Campero's motion…[t]he motion is deemed unopposed and GRANTED due to the lack of a timely opposition under Local Rule 7.1.").[2]

As a further basis to deem EWC's Motion as unopposed, the untimely Opposition does not dispute (and never even discusses) the *amount* of attorneys' fees sought by EWC; rather, the Opposition is devoted solely to the issue of *entitlement* to fees. As a result, because no objections were lodged to the amount sought by EWC, the Motion seeking an award should be deemed unopposed. Even if the Court considers the merits of the Opposition, it did not rehabilitate the frivolous nature of the case, excuse the intentional misrepresentations made by Boigris and HDD, or justify the baseless attack on EWC's trademark rights. Likewise, Boigris' untimely requests for further briefing, discovery, or for an evidentiary hearing are meritless and should be denied. While this Court previously alluded to the potential for sanctions, at this point, it is now undisputed that "Plaintiff's entire case

---

[1] EWC's Motion was filed on April 13, 2020. [ECF 129]. Boigris and HDD were thus required to serve an opposing memorandum no later than fourteen (14) days thereafter. (*i.e.* by April 27, 2020). After the deadline, on April 28, 2020, they filed their untimely opposition ("Opposition"). [ECF No. 133].
[2] While the *Campestre* decision involved an untimely opposition to a motion to amend pleadings, the cases cited therein stood for the same proposition in cases involving untimely oppositions to motions for summary judgment. Thus, the Court should not hesitate to apply the same principle here.

lacks all factual foundation and evidences bad faith litigation that warrants material sanctions including an award of attorneys' fees to compensate [EWC] for its litigation costs." [ECF 113, p. 4].

## MEMORANDUM OF LAW

I. <u>**EWC's Motion Seeking Entitlement and an Award of Attorneys' Fees Should Be Granted**</u>.

  A. **The Opposition Should Receive No Consideration Because it was Untimely Filed.**

Under Local Rule 7.1(c), a party is required to serve an opposing memorandum no later than fourteen (14) days after service of a motion. "**Failure to do so may be deemed sufficient cause for granting the motion by default**." *Id.* (emphasis added). "That Rule may undeniably be enforced and relied upon by a district court in the proper management of its cases." *Pineda v. Am. Plastics Techs., Inc.*, 2014 U.S. Dist. LEXIS 67241, at *10 (S.D. Fla. May 15, 2014) (J. Torres). Here, Boigris and HDD were obligated to serve their opposition no later than 14 days after service of EWC's April 13, 2020 Motion. In contravention of Local Rule 7.1(c), the Opposition was after the 14-day deadline. While this rule violation alone constitutes a sufficient ground to deem EWC's Motion as unopposed, the following three reasons also provide a compelling basis to immediately grant the Motion outright. *First*, the untimely Opposition was <u>not</u> attributable to a calendaring error. Indeed, on Wednesday, April 22, 2020 (*i.e.* days before the deadline), and apparently operating under the mistaken assumption that the deadline fell on the next day, HDD emailed the undersigned, stating: "Can you agree to an extension for the response to your motion from tomorrow (Thursday, April 23) to Monday, April 27?" On April 23, 2020, the undersigned responded by email advising HDD that the governing deadline fell on **April 27**, 2020, and thus there was no need to seek an extension from the Court:

> *[T]he deadline to respond is on or before Monday, April 27, 2020. Thus, there is no need to seek an extension of time (as tomorrow is not the deadline),* **and we'll look forward to receiving the response memorandum on or before Monday (4/27)**.

Approximately one hour later, opposing counsel even acknowledged and replied to the undersigned's email, stating: "Thanks for the info."[3] Thus, although Boigris and HDD were aware of the deadline to respond to EWC's Motion, they chose to disregard it by filing the untimely Opposition on the afternoon of April 28, 2020. Because "'[d]eadlines are not meant to be aspirational,'" the Motion should be granted. *Campestre*, 2019 U.S. Dist. LEXIS 133098, at *6 (S.D. Fla. Aug. 8, 2019) (J. Torres).

---

[3] In compliance with Local Rule 7.7, copies of this email exchange are not being attached to this reply brief, but are available at the Court's request. As a final point on this issue, the Opposition expressly confirms that EWC's Motion was filed on April 13, 2020. [*See* ECF 133, p. 2].

*Second*, Boigris and HDD failed to seek excusal for their untimely filing pursuant to Fed. R. Civ. P. 6(b). When a party does not move for an extension prior to the deadline, the filing "can be accepted only on motion made . . . if the party failed to act because of excusable neglect." *D.A. v. District of Columbia*, 2007 U.S. Dist. LEXIS 90640, *5 (D.D.C. Dec. 6, 2007). "It is an abuse of the court's discretion to consider an untimely filing in the absence of such a motion." *Id.* In *Campestre*, which similarly addressed an untimely response, this Court found that "[a]t the very least, Plaintiff could have included an explanation in its response for the untimely filing, not to mention a motion for an extension of time. Plaintiff did neither." *Campestre*, 2019 U.S. Dist. LEXIS 133098, at *8 (S.D. Fla. Aug. 8, 2019). That same analysis applies here.

*Third*, and based on Boigris' and HDD's repeated disregard for the Local Rules, this Court should not excuse their violation of Local Rule 7.1(c).[4] In sum, and even if this was their first violation, strict adherence to the Local Rules is required, and thus the untimely Opposition should receive no consideration. Indeed, the Opposition can and should be rejected based on a pattern of violating the rules. *See Fitzgerald v. Regions Bank*, 2014 U.S. Dist. LEXIS 4547, at *6 (M.D. Fla. Jan. 14, 2014) (granting motion for sanctions under Rule 11, 28 U.S.C. § 1927, and the Court's inherent authority, and noting that plaintiff's untimely response to the defendant's motion for sanctions evidenced a "pattern").

**B. The Untimely Opposition Should Receive No Consideration on the Merits.**

1. <u>The Legal Authorities Cited in the Opposition are Inapplicable</u>.

The Opposition states that Rule 11 motions should not be employed to "test the legal sufficiency or efficacy of allegations in the pleadings…[or to] intimidate an adversary into withdrawing contentions that are fairly debatable." [ECF No. 133, p. 4]. That assertion completely misses the point, as EWC's Motion was predicated upon baseless legal positions that were never "debatable," as evident by summary judgment orders in favor of EWC [both by the Trademark Trial and Appeal Board ("TTAB") and this Court]. The allegations in Boigris' Complaint (and other court filings) were equally

---

[4] As but a few examples, Boigris and HDD: **(1)** violated the Court's mediation order, which resulted in the imposition of sanctions [ECF No. 120; 124]; **(2)** violated Local Rule 56.1 by failing to properly respond to EWC's statement of material facts with record citations to evidence, which resulted in EWC's statement of material facts being deemed admitted [ECF No. 119 at p. 3]; and **(3)** disregarded Local Rule 7.3(b) by failing to confer with EWC's counsel prior to the filing of the subject Motion, despite numerous attempts. In addition, **no opposition was ever filed by Boigris** in response to EWC's verified motion to tax costs, which is pending [ECF No. 125] and should also be granted. *See Herrera v. City of Hialeah*, No. 17-23599-Civ-WILLIAMS/TORRES, 2018 U.S. Dist. LEXIS 67952, at *11 (S.D. Fla. Apr. 20, 2018) (granting motion by default because the plaintiff "never filed a response nor sought an extension despite the fact that Plaintiff is represented by counsel.").

frivolous; not only did HDD admit that paragraph 13 of the Complaint was "not entirely accurate" [*Motion* at p. 13-14], Boigris and HDD submitted **no evidence** to contest EWC's ownership, use, and its priority with respect to the involved trademarks. Of course, no such evidence could be submitted, as Boigris' assertions were always without any basis in fact.[5]

In the Opposition, Boigris and HDD purport to quote a case for a legal proposition **that is not found in that case**, which is emblematic of the various examples of misrepresentations and irresponsible lawyering that were the basis for EWC's Motion. Specifically, page four of the Opposition cites to *Strike Force* for a legal proposition, but the alleged quotation cited by HDD is not found anywhere in the *Strike Force* opinion. [ECF No. 13, p. 4]. Ironically enough, that legal opinion favors EWC's position because the court held that Rule 11 sanctions "should be imposed to penalize irresponsible lawyering…". *StrikeForce v. WhiteSky*, 2013 U.S. Dist. LEXIS 145755, at *11 (D.N.J. Oct. 9, 2013). That truism applies forcefully here. HDD not only failed to conduct any due diligence into the baseless claims and false allegations asserted by Boigris, but worse, HDD put on blinders and championed Boigris' meritless cause, which the U.S. District Judge recognized was to "**harm EWC**." [ECF 199, p. 9]. Such frivolity is exactly what has plagued this lawsuit and the TTAB proceeding, and has forced EWC to incur substantial legal fees and costs, as well as the distraction from its business.

---

[5] The legal authorities cited in the Opposition are inapplicable. The Opposition relies on *Weaver* [ECF No. 133, p. 4, fn. 1], but in that case, the 11th Circuit noted that "Rule 11 exclusively provides for sanctions related to filing abuses," yet the plaintiff's request for sanctions was largely premised upon discovery abuses, furthermore, and although plaintiff did "allege that Mateer Harbert and Thompson made false statements to the court in connection with certain discovery matters, [ ] he has offered no proof of his averment." *Weaver v. Mateer*, 523 F. App'x 565, 568 (11th Cir. 2013). In stark contrast to *Weaver*, EWC's Motion is premised largely upon the filing of a frivolous Complaint by Boigris and HDD, the frivolous pursuit of the action, as well as Boigris' and HDD's false statements to the Court (in pleadings, filings, and during a discovery hearing). EWC has introduced evidence through direct citations to deposition and hearing transcripts, as well as court filings. The *Cynosure* cased cited in the Opposition is also unavailing. There, the defendant did not comply "with the mandatory safe harbor provision," and it was only later on in the case, "**after** receiving discovery, that [the defendant] asserts that the 'evidence' does not support the claim for damages." *Mortg. Payment v. Cynosure*, 2010 U.S. Dist. LEXIS 40611, at *6 (M.D. Fla. Mar. 15, 2010) (emphasis added). Here, however, EWC fully complied with the safe harbor provision – a fact that Boigris does not dispute – and EWC has always argued that the evidence does not support Boigris' claim, as set forth in EWC's January 29, 2018 motion for summary judgment before the TTAB [ECF 60-22], and as confirmed by the summary judgment order. Finally, the *Moeck* decision cited in the Opposition is so inapposite that it warrants little discussion. *Moeck v. Pleasant*, 844 F.3d 387, 392 n.9 (3d Cir. 2016) ("noting that Defendants' Rule 11 motions were, essentially, a waste of judicial resources, and that counsel in this case 'ha[d] clogged the docket with numerous motions for sanctions, motions for discovery and even a motion to disqualify counsel.'").

The Opposition also claims that Rule 11 motions which mirror summary judgment motions are "highly disfavored." *See* [ECF No. 133, p. 4]. Yet, the few cases Boigris cites in support of this theory all involved situations where: (1) a motion for summary judgment was not even filed or otherwise before the court;[6] ***or*** (2) the court *denied* the movant's motion for summary judgment, and in turn, logically denied the same movant's motion for sanctions.[7] While it is unremarkable that a motion for sanctions would be denied following the denial of the same movant's summary judgment motion, it is similarly unsurprising that courts have routinely granted a movant's request for sanctions in conjunction with granting summary judgment. *See, e.g.*, *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991) (affirming order granting summary judgment to the defendants, and affirming the order imposing sanctions against plaintiffs, their lead counsel, and his firm "pursuant to the bad-faith exception, 28 U.S.C. § 1927, and Federal Rule of Civil Procedure 11"). The same should be true here.

2. <u>EWC Properly Seeks Relief Under Both Rule 11 and this Court's Inherent Authority.</u>

On page six (6) of the Opposition, Boigris asserts that EWC's Motion is "legally insufficient" because it purportedly "fails to present reasonably discernible arguments in favor of Rule 11 Sanctions, as distinct from 'inherent authority' sanctions." [ECF No. 105, p. 6]. This puzzling argument seems to suggest that EWC should be required to parse out which of Boigris' and HDD's sanctionable conduct is governed by Rule 11, and which of their misconduct falls subject to this Court's inherent authority. Not only is this notion factually implausible (since the majority of the sanctionable conduct at issue is intertwined with both Rule 11 and this Court's inherent authority), but it is also legally erroneous. In fact, this proposition was expressly rejected by the Supreme Court in *Chambers*:

---

[6] *See Jawbone v. Donohue*, 2002 U.S. Dist. LEXIS 11806, *22 (S.D.N.Y. June 28, 2002) (no motion for summary judgment pending, and plaintiff's motion for sanctions denied because it did "not satisfy the requirement of Rule 11 that motions for sanctions be served twenty-one days prior to filing."); *E. Gluck v. Rothenhaus*, 252 F.R.D. 175, 183 (S.D.N.Y. 2008) (no motion for summary judgment pending, and after the defendant filed a Rule 11 motion instead of moving to dismiss, the court held that the relief defendant sought was "not only premature but entail[ed] a misuse of Rule 11 that could be especially detrimental to the parties and to judicial economy were [defendant] actually to file a Rule 12(b)(6) motion later on during the litigation"); *Ross v. Mukasey*, 2009 U.S. Dist. LEXIS 130020, at *1-2 (D. Colo. Nov. 24, 2009) (no motion for summary judgment pending, and denying as procedurally improper the defendant's motion for sanctions grounded on the theory that plaintiff's claim was time barred, because "rather than filing a motion to dismiss under Federal Rule of Civil Procedure 12 or a motion for summary judgment under Rule 56, Akal Security filed the present motion arguing that plaintiff's claim should be dismissed with prejudice under Federal Rule of Civil Procedure 11.").
[7] *Wasmanski v. T.G.I. Friday's*, 2008 U.S. Dist. LEXIS 51290 at *16 (D.N.J. July 2, 2008) (denying Rule 11 motion given the Court's denial of defendant's motion for summary judgment).

> Like the Court of Appeals, we find no abuse of discretion in resorting to the inherent power in the circumstances of this case. It is true that the District Court could have employed Rule 11 to sanction Chambers for filing "false and frivolous pleadings," and that some of the other conduct might have been reached through other Rules. Much of the bad-faith conduct by Chambers, however, was beyond the reach of the Rules; his entire course of conduct throughout the lawsuit evidenced bad faith and an attempt to perpetrate a fraud on the court**, and the conduct sanctionable under the Rules was intertwined within conduct that only the inherent power could address. In circumstances such as these in which all of a litigant's conduct is deemed sanctionable, requiring a court first to apply Rules and statutes containing sanctioning provisions to discrete occurrences before invoking inherent power to address remaining instances of sanctionable conduct would serve only to foster extensive and needless satellite litigation, which is contrary to the aim of the Rules themselves**.

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51 (1991) (emphasis added). Applying *Chambers* to the instant case, Boigris' and HDD's sanctionable conduct is not only subject to Rule 11, but it is also intertwined with misconduct that should be remedied under this Court's inherent authority. Thus, EWC was not required to dissect Boigris' and HDD's sanctionable conduct, as "the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct." *Id.* at 49.

   3. <u>The Arguments "Reincorporated into the Opposition by Reference" are Without Merit</u>.

   The Opposition then "reincorporates by reference" a few arguments Boigris asserted in response to EWC's Motion for Summary Judgment ("MSJ"). First, Boigris claims that EWC's MSJ relied on cases "after a final evidentiary hearing before the TTAB as opposed to decisions premised upon a motion for summary judgment." [ECF 133, p. 8]. That assertion is plainly untrue, and was expressly refuted in EWC's reply memorandum. [ECF 102, p. 3]. Next, the Opposition asserts that EWC was not entitled to rely upon its arguments vis-à-vis "prior use" and "analogous use," because those "were never pled as affirmative defenses." [ECF 105, p. 8]. As detailed in EWC's reply memorandum, Boigris' position is in error, as EWC's priority arguments demonstrated a defect in Boigris' prima facie case, and were not made in a "confession and avoidance" posture. Furthermore, EWC was required to show, and did show, its prior use in the EWC Marks in furtherance of EWC's trademark infringement/unfair competition counterclaim. [ECF 102, p. 9-10]. Lastly, the Opposition contends that EWC "has not established bad faith intent" with respect to Boigris' violations of the Anti-Cybersquatting Consumer Protection Act ("ACPA"). This contention was also rejected by this Court's order granting summary judgment, as well as the Final Judgment. [ECF Nos. 119; 132].

   4. <u>The Number of Pages in EWC's MSJ is Irrelevant to the Impositions of Sanctions</u>.

The Opposition then points to the thoroughness of EWC's MSJ, claiming that "[i]f EWC required a total of 47 pages of argument and over 1000 pages of exhibits to support its Motion for Summary Judgment, it is clear that Plaintiff's claims and defenses were not frivolous and are not subject to Rule 11 sanctions." [ECF 133, p. 8-9]. This argument is flawed because it is based upon a false premise. As the movant, it was EWC's burden to demonstrate the absence of a genuine issue of material fact, and that EWC was entitled to summary judgment as a matter of law. Unlike Boigris, EWC submitted both party and non-party declarations, as well as exhibits that evidenced marketing, advertising, promotional efforts, and sales pertaining to EWC's use and prior rights in the trademarks at issue. If anything, the overwhelming evidence relied upon by EWC at summary judgment, juxtaposed with the lack of any contrary evidence introduced by Boigris, is only further probative of the frivolous nature of Boigris' Complaint, and the unsupported claims that he asserted and pursued.

An opinion from the S.D. Florida also disposes of Boigris' theory. In *Edge*, the plaintiff's motion for summary judgment was 40 pages (with hundreds of exhibits attached), and plaintiff's subsequent reply consisted of 14 pages (and even more exhibits).[8] Although plaintiff's total briefing equaled 44 pages and hundreds of exhibits, the court had no difficulty finding that sanctions were appropriate under Rule 11 or for the party's bad faith conduct. *Edge v. Aguila*, 186 F. Supp. 3d 1330, 1345 n.10 (S.D. Fla. 2016). Thus, the number of pages and supporting evidence submitted by the movant is irrelevant to the non-movant's sanctionable conduct. *LaCourse v. Def.*, 2019 U.S. Dist. LEXIS 179567, at *3 (N.D. Fla. Oct. 11, 2019) (granting summary judgment even though the record consisted of "approximately 6,700 pages," and stating that "summary judgment was not a close call.").[9]

5. Whether Boigris Had a "Right" to Appeal the TTAB's Order is Irrelevant.

The Opposition then suggests that sanctions are unwarranted because, after summary judgment was entered against him by the TTAB, Boigris persisted on his quest to harm EWC by

---

[8] [ECF Nos. 176 & 201 located at *Edge v. Aguila*, 14-cv-24517, 186 F. Supp. 3d 1330 (S.D. Fla. 2016)].
[9] For the same reason, Boigris' argument pertaining to length of this Court's summary judgment order [ECF No. 119] is baseless. Boigris claimed that because the summary judgment order was thirteen (13) pages, such a "lengthy" opinion "is not consistent with EWC's assertion that Plaintiff's claims are entirely frivolous and sanctionable under Rule 11." [ECF 133 at p. 9]. However, the number of pages in a summary judgment opinion is irrelevant to whether a party has engaged in sanctionable conduct. To be sure, the summary judgment order in *Edge Systems* was forty-three (43) pages, and Rule 11 sanctions were entered against the defendant. [ECF No. 225 located at *Edge Systems*, 1:14-cv-24517, 186 F. Supp. 3d 1330 (S.D. Fla. 2016)]. Regardless, the summary judgment order found that "**Boigris consciously intended to capitalize on EWC's business reputation or to otherwise harm EWC**," a conclusion that warrants a finding of bad faith here. *See* [ECF No. 199 at p. 9] (emphasis added).

7

"exercising his right" to appeal under 15 U.S.C. § 1071(b). Once again, Boigris' argument misses the point. Whether a litigant has a *right* to appeal a ruling does not mean that the party *should* appeal. And where, as here, the appeal is initiated by a pleading that has no reasonable factual basis, is filed in bad faith and for an improper purpose, and based on a legal theory that has no chance of success, sanctions are warranted. *Eisenberg v. City of Miami Beach*, 95 F. Supp. 3d 1376, 1380 (S.D. Fla. 2015).

The argument advanced by Boigris is also undercut by common sense. According to Boigris, a litigant can *never* be sanctioned by filing an appeal, even if the appeal is to harass the opponent and to assert claims that have no reasonable chance of success. Fortunately, such a dangerous proposition is not the law, as "courts of appeals have the ability to impose sanctions," thereby preventing parties from filing frivolous pleadings or engaging in other bad faith conduct, and attempting to shield themselves from liability under the guise of their "right to appeal." *Coghlan v. Starkey*, 852 F.2d 806, 808 (5th Cir. 1988); *B & H v. ABP*, 526 F.3d 257, 269-70 (6th Cir. 2008) (recognizing that if "an appeal is frivolous, [the court] may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."). In sum, Boigris' "right" to appeal the TTAB summary judgment order is irrelevant to the fact that his Complaint was objectively frivolous, had no chance of success, and violated Rule 11.

6. <u>The Opposition Conceded the Arguments and Legal Authorities Advanced by EWC</u>.

The Opposition made no attempt to discuss, distinguish, or otherwise refute any of the case law cited in EWC's Motion, and similarly failed to address the majority of EWC's arguments demonstrating that Boigris' claims were objectively frivolous. As a result, Boigris and HDD have conceded those issues, which further justifies the imposition of sanctions and an award of fees.[10]

For example, EWC's Motion highlighted the fact that based upon Ms. Carly Tietzer's October 26, 2018 declaration (filed with the TTAB in support of EWC's motion for summary judgment), Boigris and HDD were well aware that EWC had prior rights in the EWC Marks. [ECF No. 129 at p. 16]. Yet on March 26, 2019, **long after** their knowledge of EWC's prior rights in those trademarks, Boigris and HDD still chose to file the instant Complaint, evidencing a calculated attempt to only harass EWC with frivolous litigation. Other examples include the Opposition's failure to address EWC's Motion with respect to: **(1)** the admittedly false paragraph 13 in the Complaint [ECF No. 129

---

[10] *See Kinetic v. ConvaTec*, 2010 U.S. Dist. LEXIS 40240, at *29 (M.D.N.C. Apr. 23, 2010) ("a party who fails to address an issue has conceded the issue."); *In re Paoli*, 1992 U.S. Dist. LEXIS 18428 at *2 (E.D. Pa. Oct. 21, 1992) ("Plaintiffs' response to this motion completely fails to address Defendants' position with respect to [this issue] and is therefore deemed to admit and concede its correctness.").

8

at p. 14]; **(2)** the false statement in Boigris' declaration [ECF No. 129 at p. 15];[11] and **(3)** false statements submitted in opposition to EWC's Motion *in Limine,* which were directly contracted by Boigris' deposition testimony. [ECF No. 129 at p. 16-17]. Lastly, HDD failed to address EWC's argument (evidenced by the hearing transcript) that HDD made an intentional misrepresentation of fact to the Court. [ECF 129, p. 15-16]. "The silence resulting from [HDD's] failure to respond to the argument is deafening." *APM v. Associated Bank*, 2019 U.S. Dist. LEXIS 114684, at *24 (N.D. Ill. July 10, 2019). Because HDD's silence results in a waiver, this Court has ample grounds to award sanctions based on misrepresentations made to a tribunal. *See Bonte v. U.S. Bank*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the [nonmovant has] done here—results in waiver.").

   7.  <u>Boigris and HDD Have Falsely Stated that the Court Has Ruled on Statutory Fees</u>.

As yet another example of their inclination to make misrepresentations to the Court, Boigris and HDD falsely claimed in the Opposition that EWC's request for fees under the Lanham Act "should be independently denied because the Court has already concluded that statutory attorneys' fees are not warranted in this litigation." [ECF No. 133 at p. 2]. Given the untruthfulness of the statement, it is not surprising that the Opposition goes no further to address or support this statement. In fact, the Opposition does not even address EWC's request for fees and costs as the prevailing party pursuant to 15 U.S.C. § 1117 of the Lanham Act. To be sure, the subject motion is the first time the Court has been presented with a request for "prevailing party" statutory fees under the Lanham Acte, which can of course only come after a party has prevailed. As such, and contrary to the false statement made by Boigris and HDD, the Court has not "already concluded that statutory attorneys' fees are not warranted in this litigation." Furthermore, by failing to address the request for fees and costs under the Lanham Act, the issue has been conceded.

 **C. The Motion Should Be Granted as to the Amount of Fees Sought by EWC.**

Because the Opposition failed to object *to a single penny* of the $417,905.00 in fees and costs sought by EWC, the Motion should granted as unopposed. Indeed, pages twenty through thirty-three of the Motion detailed EWC's compliance with Local Rule 7.3; yet nowhere does the Opposition ever challenge (or even discuss) the fees and costs at issue. Pursuant to *Club Madonna*, Boigris and HDD have waived their objections, and the total amount sought should be awarded. *See Club Madonna, Inc. v. City of Miami Beach*, 2015 U.S. Dist. LEXIS 126629, at *30-31 (S.D. Fla. Sep. 22, 2015) (a party

---

[11] *See Taverna v. A&M*, 2018 U.S. Dist. LEXIS 125906, at *36 (S.D. Fla. July 27, 2018) (granting sanctions and stating that a "false statement in an affidavit is extremely troubling and, in the circumstances here, likely constitutes perjury").

"waive[s] their objections to the [movant's] fee request…by failing to comply with Local Rule 7.3(b).").

### D. The Ancillary Requests Made in the Opposition Should Be Rejected.

On the last page of the Opposition, Boigris and HDD submit two (2) requests, both of which should be rejected. *First*, the Opposition requests that the discovery period be reopened so that Boigris can conduct discovery pertaining to EWC's Motion. This request should be denied because "[d]iscovery has concluded and more than ample time was afforded to the parties to conduct discovery in this case." *Paylan v. Teitelbaum*, 2017 U.S. Dist. LEXIS 226903, at *6 (N.D. Fla. July 5, 2017).[12] Furthermore, and aside from the fact that there is no basis to reopen discovery, Boigris failed to demonstrate "good cause" under Fed. R. Civ. P. 16,[13] and also failed to meet and confer with EWC prior to requesting this unusual and extraordinary relief [in violation of Local Rule 7.1(a)(3)].

*Second*, the Opposition "requests an evidentiary hearing and/or oral argument as to the purported grounds for EWC's Motion for Sanctions." [ECF No. 133 at p. 13]. The case law is clear that prior to entering sanctions, a court should provide the non-movant "with an opportunity to fully brief the issue. **An oral or evidentiary hearing, however, is not required**." *G.J.B. v. Singleton*, 913 F.2d 824, 830 (10th Cir. 1990) (emphasis added); *see also Baker v. Alderman*, 158 F.3d 516, 526 (11th Cir. 1998) ("There is no requirement that a hearing be conducted before sanctions are awarded."). Boigris and HDD have been given the opportunity to fully brief the issue of entitlement and an award of attorneys' fees. As to the former, they failed to justify their actions and to avoid the imposition of sanctions; as to the latter (the amount of fees and non-taxable costs), they intentionally chose not to respond at all. Furthermore, Boigris and HDD have now had **two** opportunities to fully brief the sanctions issues. *See* [ECF No. 105; 133]. Additionally, there is no basis to provide Boigris and HDD yet another opportunity to be heard, since in the Opposition, they failed to speak to the overwhelming evidence against them which supports the imposition of sanctions. As another reason to deny this request, it would be unduly prejudicial to require EWC to incur more unnecessary expense via a hearing, when the issue before the Court is an award of attorneys' fees that EWC should have never had to incur in the first place as a result of this baseless lawsuit. It would also waste judicial resources.

EWC's Motion should therefore be granted in all respects.

---

[12] Boigris' request is even more outlandish given that the parties have been litigating since **December of 2016** (including the TTAB proceeding). Furthermore, during the discovery period in the instant case, Boigris failed to serve a single request for admission, request for production, or interrogatory.

[13] Discovery has closed under this Court's governing scheduling order, and that order "may only be modified upon a showing of good cause." *Gramazio v. Catalina Hotel, LLC*, No. 17-22682-Civ-SCOLA, 2018 U.S. Dist. LEXIS 6333, at *2 (S.D. Fla. Jan. 16, 2018).

|  |  |
|---|---|
| Dated: May 4, 2020 | Respectfully submitted,<br><br><u>Jonathan Woodard</u><br>John Cyril Malloy, III<br>Florida Bar No. 964,220<br>jcmalloy@malloylaw.com<br>Oliver Alan Ruiz<br>Florida Bar No. 524,786<br>oruiz@malloylaw.com<br>Jonathan Woodard<br>Florida Bar No. 0096553<br>jwoodard@malloylaw.com<br>**MALLOY & MALLOY, P.L.**<br>2800 S.W. Third Avenue<br>Miami, Florida 33129<br>Telephone (305) 858-8000<br><br>*Attorneys for Defendant/Counter-Plaintiff* |

11