UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-21148-CV-SCOLA/TORRES

BRYAN BOIGRIS,

    Plaintiff/Counter-Defendant,

v.

EWC P&T, LLC,

    Defendant/Counter-Plaintiff.

_____/

**REPORT AND RECOMMENDATION ON EWC'S
MOTION TO TAX COSTS**

This matter is before the Court on Defendant/Counter-plaintiff EWC P&T, LLC's ("EWC") motion for taxable costs against Bryan Boigris ("Plaintiff"). [D.E. 125]. No timely response in opposition to the motion has been filed. Therefore, the motion is ripe for disposition.[1] After careful review of the motion and supporting record, EWC's motion should be **GRANTED in part** and **DENIED in part**.

## I.   BACKGROUND

On March 25, 2019, Plaintiff initiated this action to appeal a final order issued by the United States Patent and Trademark Office ("USPTO") denying Plaintiff's application to register three trademarks. [D.E. 1]. Plaintiff's complaint sought declaratory relief and that this Court reverse the USPTO's decision. On July 8, 2019,

---

[1]    On March 18, 2020, the Honorable Robert N. Scola, Jr. referred this motion to the undersigned Magistrate Judge for disposition. [D.E. 126].

EWC answered the complaint and asserted a counterclaim against Plaintiff seeking declaratory relief to affirm the USPTO's decision (Counts I and II) and for alleged violations of the Anti-Cybersquatting Consumer Protection Act (Count III) and the Unfair Trade Practices Act (Count IV).

On February 18, 2020, the Court entered summary judgment in favor of EWC on Counts I, II, and III of its counterclaims and against Plaintiff on all his claims. [D.E. 117, 119].[2] On March 18, 2020, EWC filed this motion to recover its costs taxable under 28 U.S.C. § 1920 in the amount of $12,622.21. [D.E. 125].

## II. APPLICABLE PRINCIPLES AND LAW

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs. *Id.* A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). A court should not take into consideration the relative wealth of the parties, as it would undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties. *Id.*[3]

---

[2] The Court denied EWC's motion for summary judgment for Count IV.

[3] The following costs are permitted under 28 U.S.C. § 1920:
    (1)   Fees of the clerk and marshal;
    (2)   Fees for printed or electronically recorded transcripts necessarily

Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable. *See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (finding that the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case.").

### III. ANALYSIS

EWC's motion seeks $12,622.21 in taxable costs, consisting of (1) $47.00 in filing fees, (2) $585.00 in service of process costs, (3) $8,910.21 in transcript costs and court reporter fees, (4) $315.00 in witness costs, and (5) $2,765.00 in mediation costs.

As an initial matter, there is no dispute that EWC is the prevailing party in this case because the Court entered final judgment in EWC's favor on April 20, 2020. [D.E. 132]. It is equally clear that the Court has subject matter jurisdiction over this case based on the underlying record and that EWC conferred with Plaintiff under the

---

obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Local Rules. As such, we need only consider whether EWC's costs are recoverable under 28 U.S.C. § 1920.

Beginning with EWC's request for $47.00 in filing fees and $585.00 in service of process costs, courts have repeatedly held that these costs are recoverable under 28 U.S.C. § 1920. *See EEOC v. W & O, Inc.,* 213 F.3d 600, 623 (11th Cir. 2000); *Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012) ("Fees of the clerk and marshal include filing fees are clearly taxable.") (citing 28 U.S.C. § 1920(1)). The only caveat is that fees for service of a summons and subpoenas may only be taxed to the extent that they do not exceed the statutory fees authorized in section 1921. EWC request for service of process costs complies with the statutory requirements because the fee is capped at $65 per hour, and EWC has demonstrated that it needed to subpoena nine separate parties to support its case. *See* 28 C.F.R. § 0.114 ("For process served or executed personally—$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses."); *see also Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 2016 WL 7325544, at *3 (M.D. Fla. Aug. 31, 2016), *report and recommendation adopted*, 2016 WL 7446390 (M.D. Fla. Oct. 4, 2016) ("[T]he undersigned finds Plaintiff is entitled to recover $60.00 in costs for serving Defendant with the summons."). Therefore, EWC is entitled to recover $47 in filing fees and $585 in service of process costs.

Next, we agree with EWC that it should be entitled to $8,910.21 in costs for deposition and hearing transcripts and court reporter fees. *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1338 (S.D. Fla. 2009) ("Under the statute, recoverable costs include deposition transcript costs and attendance fees of the court reporter or per diem.") (citing *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 4 (M.D. Fla. Feb.21, 2007)). "In determining the necessity of a deposition, the deposition must only appear to have been reasonably necessary at the time it was taken, regardless of whether it was ultimately used at trial." *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015) (citing *EEOC*, 213 F.3d at 620-21). And "[t]he burden lies with the challenging party to show that the deposition was not related to an issue in the case at the time it was taken." *Id.* at 1292 (citing (*EEOC*, 213 F.3d at 621). There were only three depositions in this case, and they were clearly significant because EWC relied on one in its motion for summary judgment and the other two were for individuals listed on Plaintiff's Rule 26 initial disclosures as persons who purportedly had knowledge about the issues in the case. Because we conclude that the transcripts were necessary at the time they were taken, EWC should be entitled to $8,910.21 in costs for deposition transcripts.

EWC's next request is $315 in witness fees. Witness fees are taxable as costs under § 1920(3). The amount that can be taxed is governed by 28 U.S.C. § 1821. Section 1821 permits a witness payment of $40 per day for attendance in court or at a deposition, a common carrier travel expense or a mileage allowance, a per diem subsistence allowance if an overnight stay at the place of attendance is required, and

5

other miscellaneous expenses, such as tolls, parking fees, and taxicab fares. Courts generally "allow an additional $5 above the $40 maximum to compensate for a witness's travel time." *See HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, 2018 WL 1863778, at *10 (M.D. Fla. Mar. 26, 2018. Because EWC seeks $45 per day ($40 plus $5 for travel time) in costs for its seven witnesses, we find that EWC should be entitled to $315.00 in witness fees.

EWC's final request is for $2,765.00 in mediation fees. EWC concedes that mediation fees are generally not taxable but argues that reimbursement is reasonable because Plaintiff's case is allegedly frivolous under Rule 11 of the Federal Rules of Civil Procedure. Because EWC is concurrently seeking to recover its mediation fees in its motion for Rule 11 sanctions against Plaintiff [D.E. 129] to which Plaintiff has responded, the Court should defer its decision on EWC's request for $2,765.00 in mediation fees until it adjudicates EWC's motion for sanctions. This also ensures against a double recovery.

We conclude that EWC's motion for taxable costs should be **GRANTED in part** and **DENIED in part** with a total award of 9,857.21 in taxable costs.

### IV. CONCLUSION

For these reasons, **RECOMMEND** that EWC's motion for taxable costs [D.E. 125] be **GRANTED in part** and **DENIED in part** and that EWC be awarded $9,857.21 in taxable costs.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to

6

file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 3rd day of June, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge